UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: ) <br> ) <br> QUINCY MEDICAL CENTER, INC., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 11-16394 |
| In re: ) <br> ) <br> QUINCY ED PHYSICIANS, INC., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 11-16395 |
| In re: ) <br> ) <br> QUINCY PHYSICIAN CORPORATION ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 11-16396 |

## DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES

Quincy Medical Center, Inc. ("QMC"), QMC ED Physicians, Inc. ("QED") and Quincy Physician Corporation ("QPC" and, with QMC and QED, the "Debtors" or the "Company"), hereby move this Court pursuant to Fed. R. Bankr. P. 1015(b) and MLBR 1015-1(a) for entry of an order directing joint administration of their Chapter 11 cases. The Company requests that this Court designate the case of *In re Quincy Medical Center, Inc.* (Chapter 11 Case No. 11-16394) as the lead case in which all pleadings, documents and orders involving the jointly-administered cases will be filed or entered, and that the Company and other parties be authorized to utilize the caption set forth in Paragraph 6 below as the form of caption for the jointly-administered cases. In support of this Motion, the Company states as follows:

## Background

1. On the date hereof (the "Petition Date"), each of QMC, QED and QPC filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Company continues to manage its business and financial affairs as debtors-in-possession. No creditors' committee has yet been appointed in these cases.

3. The Company is a non-profit corporation formed to provide quality medical care, including emergency care, to the Quincy, Massachusetts community and surrounding communities. QMC's signature asset is its 196-bed acute care hospital (the "Hospital") located in Quincy, Massachusetts. QMC operates the Hospital, and related medical and health care facilities. QED and QPC are captive entities as to QMC. Their sole purpose is to own certain third-party payor contracts and provider numbers under which QMC services are billed to third-party payers, and neither QED nor QPC owns any assets other than these provider numbers and contracts, nor do they have any other business relationships. All of the revenues generated under the provider numbers and contracts are remitted to QMC. QMC, QED and QPC operate as a single business enterprise—Quincy Medical Center—and to that end have administered their business and financial affairs on a consolidated basis; the Company accounts for all operations and financial matters on a consolidated basis and maintains no separate accounting of QED or QPC revenues or expenses.

## Relief Requested

4. Fed. R. Bankr. P. 1015(b) provides in pertinent part that if two or more petitions are pending in the same court by a debtor and an affiliate, the court may order joint administration of the estates. Fed. R. Bankr. P. 1015(b). Rule 1015-1 of the Massachusetts Local Bankruptcy Rules establishes guidelines for motions for joint administration pursuant to Fed. R. Bankr. P. 1015(b).

Local Rule 1015-1 provides that a motion for joint administration of Chapter 11 cases filed concurrently with the petitions will be treated as an emergency motion and will be allowed effective upon filing, subject to reconsideration by the Court or upon motion of a party in interest. MLBR 1015-1(c).

5. Based on the relationships between QMC, QED and QPC described above, and on the common control of the three entities by a common Board of Trustees (as nonprofit corporations, the Debtors have no stockholders), the three entities are affiliates within the meaning of Section 101(2) of the Bankruptcy Code, and their cases are eligible for joint administration under Fed. R. Bankr. P. 1015(b) and MLBR 1015-1.

6. In accordance with MLBR 1015-1(a), the Company proposes that the Chapter 11 case of QMC be utilized as the lead case for the Company's jointly-administered cases, and that the Company and other parties be authorized to utilize the following caption for the jointly-administered cases:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(EASTERN DIVISION)**

| | |
|---|---|
| In re: )<br>)<br>) <br>QUINCY MEDICAL CENTER, INC., )<br>QMC ED PHYSICIANS, INC., )<br>QUINCY PHYSICIAN CORPORATION )<br>)<br>Debtors. )<br>) | Chapter 11<br><br>Case No. 11-16394<br><br>(Jointly Administered) |

It is appropriate that QMC's Chapter 11 case be designated as the lead case for purposes of joint administration, as contemplated by MLBR 1015-1(a)(2), given that the Company's single business

3

enterprise is operated as "Quincy Medical Center."

7. The Company is not aware of any matters that give rise to any actual or potential conflicts of interest warranting protection of the creditors of the three Debtors' estates, per MLBR 1015-1(a)(3).

8. Joint administration of these Chapter 11 cases will facilitate the economic administration of these cases. In addition, entry of an order directing joint administration will allow the Company to avoid considerable time and expense, by, among other things, removing the need to file duplicate motions and forward duplicate notices to creditors and parties in interest. The Company believes that it makes abundant sense for its Chapter 11 cases to be jointly administered so as to be conducted in an organized and cost-effective manner.

9. The interests of all creditors will be promoted by the reduction in costs resulting from joint administration. Joint administration will also relieve the Court from the burden of entering duplicative orders and maintaining duplicative files, and it will simplify the Office of the United States Trustee's supervision of the administrative aspects of these Chapter 11 cases.

10. The rights of the creditors of the Company will not be adversely affected by joint administration of the cases because this Motion requests only administrative consolidation of the estates. The automatic granting of this Motion pursuant to MLBR 1015-1(c) does not effect substantive consolidation of the Company's estates. MLBR 1015-1(b). However, the Company's request for joint administration is intended to be without prejudice to the issue of substantive consolidation.

**Notice**

11.     No trustee, examiner, or official committee has been appointed in these Chapter 11 cases.  In accordance with MLBR 1015-1(a), notice of this Motion is being furnished to: (a) the Office of the United States Trustee; (b) the Company's 20 largest unsecured creditors as reflected in the consolidated list filed by the Company pursuant to Fed. R. Bankr. P. 1007(d); (c) taxing authorities; (d) all known secured creditors; and (e) all entities that have requested notice in these cases.  The Company submits that such notice of this Motion, including of the deemed automatic allowance of this Motion pursuant to MLBR 1015-1(c), is good and sufficient notice of this Motion and complies with the notice requirements of both MLBR 1015-1(a) and MLBR 1015-1(b).

Dated: July 1, 2011

                      QUINCY MEDICAL CENTER, INC.
                      QMC ED PHYSICIANS, INC.
                      QUINCY PHYSICIAN CORPORATION
                      By their attorneys,

                      */s/ John T. Morrier*
                      John T. Morrier (BBO #628624)
                      Michael J. Goldberg (BBO #551869)
                      A. Davis Whitesell (BBO #551462)
                      Andrew T. Imbriglio (BBO #676049)
                      Casner & Edwards, LLP
                      303 Congress Street
                      Boston, MA  02210
                      Tel: 617-426-5900
                      Fax: 617-426-8810
                      Email: morrier@casneredwards.com