UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| QUINCY MEDICAL CENTER, INC., | ) |
| QMC ED PHYSICIANS, INC., | ) Case No. 11-16394 |
| QUINCY PHYSICIAN CORPORATION, | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## EMERGENCY ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

Upon consideration of the Debtors' Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection [Emergency or Ex Parte Interim Relief Requested] dated July 1, 2011 (the "*Motion*")[1] filed by Quincy Medical Center, Inc. ("*QMC*"), QMC ED Physicians, Inc. ("*QED*") and Quincy Physician Corporation ("*QPC*" and, with QMC and QED, the "*Debtors*" or the "*Company*"), pursuant to which the Company seeks authority to use cash collateral subject to the security interests of (i) U.S. Bank National Association, as Trustee (the "*Indenture Trustee*") for the holders (the "Prepetition Bondowners" and, together with the Indenture Trustee, the "*Prepetition Secured Parties*")[, the Prepetition Secured Parties and BMCC are collectively referred to herein as the "Cash Collateral Parties"] of $60,250,000 of Massachusetts Health and Educational Facilities Authority Revenue Bonds, Quincy Medical Center Issue, Series A (2008), and (ii) Boston Medical Center Corporation, and in accordance with the budget annexed as Exhibit B to the Motion (the "*Budget*"); and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

THE COURT FINDS AND CONCLUDES THAT:

A. This Court has jurisdiction over these cases under 28 U.S.C. § 1334(b).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D. This Court has reviewed the Motion and the Declaration of Mark O'Neill in Support of First Day Motions and has considered the representations regarding the relief requested therein.

E. Good and sufficient cause has been shown for the entry of this Order.

F. The Debtors have an immediate need to use the Prepetition Collateral (including the Cash Collateral), in accordance with the Budget substantially in the form attached hereto in an amount not to exceed to $200,000. The Debtors' use of the Prepetition Collateral (including Cash Collateral) is necessary (x) to ensure that the Debtors have sufficient working capital and liquidity to continue to operate their business during the 4th of July holiday weekend and pending entry of the proposed interim order substantially in the form attached to the Motion as Exhibit A (the "*Interim Order*"), (y) to preserve and maintain the value of their estates, and (z) to alleviate any concerns of trade vendors and employees of the Debtors.

G. The use of Prepetition Collateral (including Cash Collateral) pursuant to this Order is fair and reasonable, reflects the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitutes reasonably equivalent value and fair consideration.

H. ~~Without prejudice to the rights of any other party, the Debtors admit,~~ stipulate and agree that:

    i. as of the Petition Date, the Debtors were justly and lawfully indebted ~~and liable~~, without defense, counterclaim or offset of any kind, to the Prepetition ~~Secured Parties, in the aggregate principal amount of approximately $58,130,000, in respect~~

2

of loans made by the Prepetition Secured Parties pursuant to, and in accordance with the terms of, the Indenture, plus, in each case, accrued and unpaid interest thereon and fees, costs and expenses (including, without limitation, Indenture Trustee fees, attorneys' fees, agent's fees, and other professional fees and disbursements), charges and all other obligations incurred or owing under the Indenture (collectively, the "*Prepetition Indebtedness*");

    ii.    the Prepetition Indebtedness constitutes the legal, valid and binding obligations of the Debtors, enforceable in accordance with its terms and no portion of the Prepetition Indebtedness or any payments made to the Indenture Trustee or any of the other Prepetition Secured Parties or applied to the obligations owing under the Indenture prior to the Petition Date is subject to avoidance, subordination, recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable nonbankruptcy law;

    iii.    the Debtors hereby forever waive and release any and all Claims (as defined in the Bankruptcy Code), counterclaims, causes of action, defenses or setoff rights against the Indenture Trustee and each of the Prepetition Secured Parties, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or Chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law;

    iv.    pursuant to the Indenture (as heretofore amended, restated, modified, ratified or supplemented from time to time, together with any and all other security agreements, pledge agreements, mortgages, fixture filings, transmitting utility filings, deeds of trust, financing statements, assignments or other security documents, the

3

"~~Prepetition Collateral Documents~~"), ~~(1) the Debtors have granted valid, binding, perfected,~~ enforceable, first priority liens upon and security interests in the property described in the Prepetition Collateral Documents (collectively, the "*Prepetition Collateral*") to the Indenture Trustee for the benefit of the Prepetition Secured Parties, and (2) the Indenture Trustee's first priority liens upon and security interests in the Prepetition Collateral, for the benefit of the Prepetition Secured Parties, are not subject to avoidance, subordination, recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as such term is defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and

    v.    substantially all cash, securities or other property of the Debtors (and the proceeds therefrom) as of the Petition Date, including without limitation, all cash, securities or other property (and the proceeds therefrom) and other amounts on deposit or maintained by the Debtors in any account or accounts are subject to valid, perfected, enforceable, first priority liens under the Indenture and other Prepetition Collateral Documents and applicable law, for the benefit of the Prepetition Secured Parties. All proceeds of the Prepetition Collateral (including cash, securities or other property) are "cash collateral" of the Prepetition Secured Parties within the meaning of section 363(a) of the Bankruptcy Code (the "*Cash Collateral*"). ~~THE PROVISIONS OF THIS PARAGRAPH VARY FROM THE REQUIREMENTS OF MLBR 4001-2(e).~~

    I.    The Debtors intend to seek entry of the Interim Order by no later than July 7, 2011, and, as set forth in the Interim Order, the Debtors intend to provide the ~~Indenture Trustee and the~~ Stet ~~Cash Collateral~~ Stet ~~Prepetition Secured~~ Parties with the adequate protection for the Collateral Diminution (as defined below) and other rights and remedies as set for in the Interim Order.

4

J.  The Debtors have requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and the Local Bankruptcy Rules. Absent granting the relief sought by this Order, the Debtors' estates will be immediately and irreparably harmed. Authorization of the use of Prepetition Collateral (including Cash Collateral) in accordance with the terms of this Order is therefore in the best interests of the Debtors' estates, and is consistent with the Debtors' exercise of their fiduciary duties.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. *Motion Granted.* The Motion is granted on an emergency basis as set forth below. This Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2. *Authorization to Use Cash Collateral.* The Company is authorized to incur, and to spend and generally to use Cash Collateral to pay, expenses in the ordinary course of operating its ongoing business, in accordance with the Budget, in an amount not to exceed $200,000, commencing on the Petition Date and ending on July 7, 2011. Except as elsewhere provided in this Order, the Company is authorized to use such Collateral to pay all actual and necessary expenditures incurred by the Company in the operation of its business postpetition (or if incurred prepetition, those expenditures authorized by a specific order of this Court).

3. *Adequate Protection.* The ~~Prepetition Secured~~ [Cash Collateral] Parties are entitled, pursuant to sections 105, 361 and 363 of the Bankruptcy Code, to adequate protection of their interests in the Prepetition Collateral, including the Cash Collateral, in an amount equal to the Collateral Diminution (as defined below). As used in this Order, "*Collateral Diminution*" shall mean an amount equal to the aggregate diminution in the value of any of the ~~Prepetition Secured~~ [Cash Collateral] Parties' interests in the Prepetition Collateral (including the Cash Collateral) from and after the Petition Date for any reason

5

provided for in the Bankruptcy Code, including, without limitation, any such diminution resulting from (i) the depreciation, sale, loss or use by the Debtors (or any other decline in value) of such Prepetition Collateral (including Cash Collateral) and (ii) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection for any Collateral Diminution, the ~~Prepetition Secured~~ *Cash Collateral* Parties are hereby granted, the following:

(a) <u>Adequate Protection Claims</u>. Allowed superpriority administrative claims as provided for in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including, without limitation, sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114 of the Bankruptcy Code, which shall at all times be senior to the rights of the Debtors, and any successor trustee or any creditor, in the Chapter 11 Cases or any subsequent proceedings under the Bankruptcy Code (the "***Adequate Protection Claims***"), which Adequate Protection Claims shall have recourse to and be payable from all prepetition and postpetition property of the Debtors including, without limitation, any proceeds or other amounts received in respect thereof and property received thereby whether by judgment, settlement or otherwise. The Adequate Protection Claims shall be subject and subordinate only to any Carve Out (as defined and ultimately approved in the Interim Order).

(b) <u>Adequate Protection Liens</u>. As security for the amount of any Collateral Diminution, the Indenture Trustee (for itself and for the benefit of the Prepetition Secured Parties) *and ~~the~~ BMCC are* hereby granted (effective and perfected upon the date of this Order and without the necessity of the execution by the Debtors of any, security agreements, pledge agreements, mortgages, financing statements and without the need for any filing or recording of such documents), a valid, perfected replacement security interest in and lien (the "***Adequate Protection Liens***") upon all prepetition and postpetition assets and property of the Debtors of any kind or nature whatsoever, including the

6

Prepetition Collateral and the Cash Collateral, now owned or hereafter acquired, and all proceeds of such property, rents, products, and profits (collectively, the "*Collateral*"), subject and subordinate only to (y) valid, perfected and enforceable prepetition liens (if any) which are senior to the ~~Prepetition Secured~~ Cash Collateral Parties' liens ^respective or security interests as of the Petition Date or to valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy Code, and (z) the Carve Out. The Adequate Protection Liens shall not be (A) subject or subordinate to (i) any lien or security interest that is avoided and preserved for the benefit of the Debtors and the Debtors' estates under section 551 of the Bankruptcy Code or (ii) any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors or (B) subordinated to or made pari passu with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise.

4. *Priority of Adequate Protection Liens.* No claims or liens shall be permitted with priority senior to or pari passu with the Adequate Protection Obligations and the liens hereby granted for the benefit of the Indenture Trustee and other Prepetition Secured Parties.

~~5. *Limitation on Use of Prepetition Collateral (Including Cash Collateral).* The Debtors shall use the proceeds of the Prepetition Collateral (including the Cash Collateral) solely as provided in this Order. Notwithstanding anything herein or in any other order of this Court to the contrary, no Collateral, proceeds of Prepetition Collateral (including the Cash Collateral) or the Carve Out may be used (a) for professional fees and expenses incurred for any litigation or threatened litigation (whether by contested matter, adversary proceeding or otherwise) against the Indenture Trustee or any other Prepetition Secured Party or for the purpose of objecting to or challenging the validity, perfection, enforceability, extent or priority of any claim, lien or security interest held or asserted by~~

7

the ~~Indenture Trustee or any other~~ Prepetition Secured Party ~~or asserting any defense, claim, cause~~ of action, counterclaim, or offset with respect to the Prepetition Indebtedness or the security interests in or liens on the Collateral or the Prepetition Collateral or against any of the Indenture Trustee, the other Prepetition Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (b) to prevent, hinder or otherwise delay the Prepetition Secured Parties' assertion, enforcement or realization on the Prepetition Collateral or the Collateral in accordance with the Indenture or this Order, (c) to seek to modify any of the rights granted to the Indenture Trustee or the other Prepetition Secured Parties under this Order or under the Indenture, in each of the foregoing cases without such parties' prior written consent, which may be given or withheld by such party in the exercise of its respective sole discretion, or (d) pay any amount on account of any claims arising prior to the Petition Date, unless such payments are (i) ~~approved by an order of this Court and (ii) set forth in the Budget.~~

5. *Without Prejudice.* This Order shall be without prejudice to the:

(a) right of the Indenture Trustee to object in the future to the Company's continuing use of cash collateral or to require adequate protection in addition to that provided pursuant to this Order. This Order shall be without prejudice to the rights of the Company to seek authority to use cash collateral other than on the terms and conditions set forth herein; and

(b) rights of parties in interest, other than the Debtors, to challenge the validity or perfection of the Cash Collateral Parties' respective asserted security interest or to object to asserted claims of the Cash Collateral Parties on any grounds whatsoever, and the Adequate Protection Liens granted pursuant to this Order may be revoked or reduced to the extent that any such challenge or objection is successful.

6. This Order shall not be deemed to relieve the Cash Collateral Parties from any requirement of law to assert or maintain an interest in its Cash Collateral.

7. Nothing in this Order shall alter the respective priorities of the liens and security interests of the Indenture Trustee (on behalf of the Prepetition Secured Parties) and BMCC in the Prepetition Collateral (including the Cash Collateral), and (ii) the Adequate Protection Liens. The Adequate Protection Liens shall be subject in all cases to any existing subordination agreement.

8. The interim hearing on the Motion is hereby scheduled for July [16], 2011 at 1:00 p.m. before this Court.

BY THE COURT

Dated: July 1, 2011

_____
United States Bankruptcy Judge

9