UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

```
-----------------------------------------------------------------x
In re:                                              Chapter 11

QUINCY MEDICAL CENTER, INC.,                        Case No. 11-16394
QMC ED PHYSICIANS, INC.,
QUINCY PHYSICIAN CORPORATION                        (Jointly Administered)

                              Debtors.
-----------------------------------------------------------------x
```

**LIMITED OPPOSITION OF MARTHA COAKLEY, ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS, TO DEBTORS' MOTION FOR APPROVAL OF SALE PROCEDURES**

Martha Coakley, Attorney General of the Commonwealth of Massachusetts (the "Attorney General"), the attorney general of the state in which the Debtors are incorporated and do business, and the regulatory authority responsible for investigating any proposed sale of a nonprofit acute-care hospital to a person or entity other than a public charity pursuant to Massachusetts General laws, Chapter 180, Section 8A(d) ("Section 8A(d)"), hereby opposes the Debtors' motion for approval of sale procedures [Doc. 9] (the "Sale Procedures Motion") to the extent that the timeframes and deadlines proposed in the Sale Procedures Motion may not permit the Attorney General to satisfy her statutory obligations under Section 8A(d), or are otherwise inconsistent with or frustrate the purposes of Section 8A(d). Although the Attorney General intends to commence and complete her investigation and review of the proposed sale transaction as expeditiously as possible, the requirements of the Section 8A(d) review process should

not be controlled or compromised by the timeframes and deadlines proposed in the Sale Procedures Motion.

In support of this limited opposition, the Attorney General states as follows:

1. On July 1, 2011, each of the debtors filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and continue to operate their nonprofit acute-care hospital and related businesses as debtors-in-possession.

2. The Attorney General is a party in interest to these Chapter 11 proceedings pursuant to Section 1221(d) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") as "the attorney general of the State in which the debtor is incorporated, was formed or does business."

3. BAPCPA includes the following three amendments to the Bankruptcy Code with respect to any sale of nonprofit assets:

   a. Section 363(d)(1) of the Bankruptcy Code was added to permit sales of property "<u>only</u>...in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed business, or commercial corporation or trust…"  (Emphasis supplied).

   b. Section 541(f) of the Bankruptcy Code was added to provide that property held by a tax-exempt corporation "may be transferred to an entity that is not such a corporation, <u>but only</u> under the same conditions as would apply if the debtor had not filed a case under this title."  (Emphasis supplied).

   c. Section 1129(a)(16) of the Bankruptcy Code was added to provide that "[a]ll transfers of property of the plan shall be made in accordance with any

2

applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed business or commercial corporation or trust."

4. The Attorney General has responsibility under Section 8A(d) for investigating any proposed sale of a nonprofit acute-care hospital to a person or entity other than a public charity, such as the sale transaction proposed by Debtors in these cases.

5. During the course of investigating any such proposed sale of a nonprofit acute-care hospital under Section 8A(d)(1), the Attorney General is required to consider "any factors that the attorney general deems relevant, including, but not limited to whether:

 (i) the proposed transaction complies with applicable general nonprofit and charities law;

 (ii) due care was followed by the nonprofit entity;

 (iii) conflict of interest was avoided by the nonprofit entity at all phases of decision making;

 (iv) fair value will be received for the nonprofit assets; and

 (v) the proposed transaction is in the public interest."

6. Requirements under Section 8A(d)(1) include "not less than 90 days" written notice to the Attorney General "before [a nonprofit acute-care hospital] enters into a sale…of a substantial amount of its assets or operations with a person or entity other than a public charity."[1]

---

[1] The Attorney General has not yet received notice pursuant to Section 8A(d)(1) from the Debtors; however, the Attorney General understands from Debtors' counsel that such notice is anticipated to be filed

3

7. An investigation under Section 8A(d) requires the Attorney General to undertake and conduct substantial discovery following its receipt of a Section 8A(d) notice and to "hold at least one public hearing" following "[a]t least 21 days" advance notice by newspaper publication.[2]

8. Although the Attorney General understands and appreciates the urgency communicated by the Debtors in the Sale Procedures Motion and intends to proceed with the Section 8A(d) investigation as expeditiously as possible, it should be noted that the timeframes and deadlines proposed in the Sale Procedures Motion and related transaction documents are not consistent with certain of the timeframes and requirements provided for under Section 8A(d), including the requirement of not less than 90 days prior written notice of such a proposed sale transaction.[3]

9. Based upon the timing of the Chapter 11 filings and the obligations of the Attorney General under the Section 8A(d) review process, it is not possible to determine whether the timeframes and deadlines proposed in the Sale Procedures Motion will allow sufficient time for the Attorney General to satisfy her statutory responsibilities or will otherwise negatively affect or frustrate the intended purposes of Section 8A(d).

10. The statutory requirements of the Section 8A(d) investigation process should not be controlled or compromised by the timeframes and deadlines proposed in the Sale Procedures Motion, and the Attorney General hereby reserves her right to seek

---

on or before July 8, 2011.

[2] Section 8A(d)(3).

[3] Section 8A(d)(1) states that, "No such notice shall be required if a written waiver of such notice is executed by the attorney general." The Attorney General understands that the Debtors intend to submit a Section 8A(d) notice on or before July 8, 2011; however, any request at this stage for a waiver by the Attorney General of the 90 day prior notice requirement is premature.

relief from this Court to the extent it may be necessary to fulfill her responsibilities or to protect the intended purposes of Section 8A(d).

11. The Attorney General acknowledges the need for this Court to hold a hearing upon Debtors' motion, contingent upon the Attorney General's assent, concerning the Attorney General's report and findings pursuant to Section 8A(d) and the proposed sale (in the absence of this Chapter 11 proceeding, such hearing would be held before the Massachusetts Supreme Judicial Court).[4]-[5]

WHEREFORE, the Attorney General respectfully requests: (a) that the parties to the proposed sale transaction and this Court take notice of potential issues that may arise as a result of any discrepancies between the timeframes and deadlines proposed in the Sale Procedures Motion and the statutory requirements of Section 8A(d), (b) that any sale approval be contingent upon the Court holding a hearing upon Debtors' motion, with the Attorney General's assent, concerning the Attorney General's report and findings pursuant to Section 8A(d) with respect to the proposed sale, (c) that the Attorney General receive notice of all pleadings, orders, notices, motions, demands, requests, applications, objections, and other documents filed in these case, and (d) that the Court enter such other orders as may be just and proper.

---

[4] See Debtors' Motion for Authority to Sell [Doc. 8] pp. 3 and 21 (Regulatory Approval)] and the related proposed order [Doc. 8-4] para. Q (Regulatory Approval) and para. 22 (Regulatory Approval; Ratification) (Debtors' acknowledgement and request to this Court for a hearing concerning the Attorney General's report and findings pursuant to Section 8A(d) and the proposed sale). See also BAPCPA, Section 1221(e) which provides as follows: "RULE OF CONSTRUCTION.---Nothing in this section shall be construed to require the court in which a case under chapter 11 of title 11, United States Code, is pending to remand or refer any proceeding, issue, or controversy to any other court or to require the approval of any other court for the transfer of property."

[5] The Attorney General understands that Debtors intend to seek post-closing, contingent upon the assent of the Attorney General, appropriate approvals from the Massachusetts Supreme Judicial Court concerning: (a) the Debtors' donor-restricted funds, which, consistent with applicable general nonprofit and charities law, are excluded assets under the Asset Purchase Agreement (see Debtors Motion for Authority to Sell, Exhibit A [Doc. 8-1], Section 2.2(p)), and (b) dissolution. See generally G.L. c. 180, § 11A(d) (dissolution of charitable corporation with remaining assets requires Supreme Judicial Court approval).

Dated this 5th day of July, 2011.

        Respectfully submitted,

        **MARTHA COAKLEY, Attorney General**
        **of the Commonwealth of Massachusetts**

        By Her Attorney

        /s/ Nora J. Mann
        Jed M. Nosal
        BBO No. 634287
        Nora J. Mann
        BBO No.550450
        Office of the Attorney General
        1 Ashburton Place
        Boston, MA 02108
        Nora.mann@state.ma.us

## CERTIFICATE OF SERVICE

I, Nora J. Mann, hereby certify that I have this day caused a copy of the attached **Limited Opposition of Martha Coakley, Attorney General of the Commonwealth of Massachusetts, to Debtors' Motion for Approval of Sale Procedures** to be served on the parties listed on the attached Service List by U.S. Mail, first class, postage paid.

        /s/ Nora J. Mann

Dated:  July 5, 2011

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---------------------------------------------------------------x
In re:                                              Chapter 11

QUINCY MEDICAL CENTER, INC.,                        Case No. 11-16394
QMC ED PHYSICIANS, INC.,
QUINCY PHYSICIAN CORPORATION                        (Jointly Administered)

                    Debtors.
---------------------------------------------------------------x

### SERVICE LIST

Notice will be mailed to:

Healthplans, Inc.  
1500 West Park Drive  
Suite 330  
Westborough, MA 01581

Promutual  
101 Arch Street  
4th Floor  
Boston, MA 02110

Boston University  
Psychiatric Associate, Inc.  
715 Albany Street  
M-8th Floor  
Boston, MA 02118

City of Quincy  
Quincy City Hall  
1305 Hancock Street  
Quincy, MA 02169

Claflin  
455 Warwick Industrial Drive  
Warwick, RI 02886

Cardinal Health Boston Division  
7000 Cardinal Place  
Dublin, OH 43017

Sodexho Inc. & Affiliates  
9801 Washingtonian Boulevard  
Gaithersburg, MD 20878

Biomet Inc.  
55 East Bell Drive  
P.O. Box 587  
Warsaw, IN 46581-0587

Commonwealth of Massachusetts, Division  
Of Unemployment Assistance  
Bankruptcy Unit, 5th Floor  
19 Staniford Street  
Boston, MA 02114-2502

Per-Se Technologies, Inc.  
1145 Sanctuary Parkway  
Suite 200  
Alpharetta, GA 30004

Direct Energy Service, LLC
1001 Liberty Avenue
Pittsburgh, PA 15222

National Grid
40 Sylvan Road
Waltham, MA 02451

U.S. FoodService, Inc.
9399 W. Higgins Road
Rosemont, IL 60018

Delta Dental of MA
465 Medford Street
Boston, MA 02129-1454

American Red Cross Blood Services
2025 E. Street N.W.
Washington, DC 20006

Roche Diagnostics Corporation
P.O. Box 50457
9115 Hague Road
Indianapolis, IN 46250-0457

Linc Health Inc.
325 Hopping Brook Road
Holliston, MA 01757

Sprague Energy Corp.
Two International Drive
Suite 200
Portsmouth, NH 03801-6809

Johnson & Johnson Health Care Sys.
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

Favorite Healthcare Staffing
7255 W. 98th Terrace
Building 5, Suite 150
Overland Park, KS 66212

8