UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| QUINCY MEDICAL CENTER, INC., ) | |
| QMC ED PHYSICIANS, INC. and ) | Case No. 11-16394 |
| QUINCY PHYSICIANS CORPORATION, ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

## LIMITED OBJECTION OF
## BMC NAB BUSINESS TRUST TO
## APPROVAL OF SALE PROCEDURES

BMC NAB Business Trust, a Massachusetts business trust (the "Trust"), submits its limited objection to the Debtor's Motion for an Order: (A) Approving Procedures Governing Proposed Sale of Substantially All Assets Free and Clear of Liens, Claims, and Encumbrances (Including Related Assumption and Assignment of Executory Contracts and Unexpired Leases); (B) Approving Form and Manner of Notice of Sale; and (C) Granting Related Relief (the "Sale Procedures Motion"), to the extent the Sale Procedures Motion seeks authorization from this Court to proceed with a sale of any shares of the Trust owned by Debtor QMC ED Physicians, Inc. (the "Shares"). At the present time, the Schedules to the Asset Purchase Agreement between the Debtors and Steward Medical Holders Subsidiary Five, Inc., the proposed stalking-horse bidder for the Debtors' business, have not been filed. As a result, the Trust cannot determine whether the Shares are included or excluded from the assets proposed to be sold. Therefore, out of an abundance of caution, the Trust is filing this Limited Objection so that the proposed stalking-horse bidder and any other party that might be interested in bidding on the Debtors' business assets, is aware that the Shares cannot be included in the proposed sale.

13537510.3

In support of this limited objection, the Trust states as follows:

1. The Trust is a Massachusetts Business Trust in which one of the Debtors, QMC ED Physicians, Inc. ("QMC-ED"), owns a minority interest. More specifically, Boston Medical Center Corporation ("BMC"), a Massachusetts charitable corporation, owns 90 shares in the Trust, while QMC-ED owns 10 shares. QMC-ED receives no dividends or other benefits from ownership of the Shares. The only pecuniary interest that flows to QMC-ED from its ownership of the Shares is that QMC-ED will have the ability to sell its Shares to BMC in 2015 for $100,000 (the "Deferred Payment").

2. The Trust owns the Shapiro Ambulatory Care Center (the "Center") located on the BMC campus. As is true about much of the BMC campus, the land on which the Center is located is owned in fee by the Boston Public Health Commission, which leases the property to BMC. BMC formed the Trust (the "Trust") to construct the Center and subleased the Center site to the Trust. BMC is also the Trustee of the Trust and, in that capacity, has the sole right to manage the affairs of the Trust, free of control by the minority shareholder. For reasons related to the new markets tax credits rules, the Trust needed to have 2 shareholders, one of which had to be unrelated to BMC.

3. BMC spent considerable time and effort searching for a non-profit entity with which it would be compatible to serve as the minority shareholder of the Trust. BMC's search resulted in its selection of one of the Debtors, Quincy Medical Center, Inc. ("QMC"), to serve in that role. BMC's selection of QMC was in part driven by BMC's comfort with QMC as a

result of their having an existing clinical and teaching affiliation and by their having a shared charitable mission to serve low-income communities. As an accommodation to BMC, and in consideration of the Deferred Payment, QMC agreed to be the minority shareholder. QMC subsequently transferred its Shares to QMC-ED, which was a permitted transfer pursuant to the Shareholders Agreement (as hereinafter defined).

4. The Amended and Restated Declaration of Trust Establishing the Trust under the provisions of Chapter 182 of the General Laws of the Commonwealth of Massachusetts (the "Declaration of Trust"), dated as of May 14, 2008, provides in Section 4.4:

> Ownership of Shares: The ownership of Shares shall be evidenced by Share certificates in such form as the Trustees may from time to time determine. <u>Shares may be owned by entities which are described in Code Section 501(c)(3) and Code Section 509(a)(1) or (2).</u>
> (emphasis added)

5. Upon information and belief, the proposed stalking horse bidder is not an entity described in Code Section 501(c)(3) or Code Section 509(a)(1) or (2).

6. Furthermore, a Shareholders Agreement relative to the Trust shares was entered into between BMC and QMC on May 14, 2008 (the "Shareholders Agreement"), which agreement is binding upon QMC-ED as the successor owner of the Shares. It contains a put/call agreement, exercisable in 2015, with respect to the Shares. The put/call agreement provides for a put right for QMC-ED at a sale price of $100,000, referred to above as the Deferred Payment, as well as a call right for BMC at a fair market value purchase price. The Trust believes that the

13537510.3

fair market value of the Shares will always be less than $100,000. As a result, the Trust expects that QMC-ED will have every incentive to exercise its put right in 2015 for $100,000.

7. As has already been brought to this Court's attention, and as more fully set explained in the Limited Opposition of Martha Coakley, Attorney General of the Commonwealth of Massachusetts, to Debtors' Motion for Approval of Sale Procedures (docket #49), the Bankruptcy Code contains several provisions that recognize the enforceability of the restrictions on transfer set forth in Section 4.4 of the Declaration of Trust. Specifically:

a) Section 363(d)(1) provides that "[t]he [Debtor-in-Possession] may use, sell or lease property under subsection (b) or (c) of this section only –in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business or commercial corporation or trust;…"

b) Section 541(f) provides that "Notwithstanding any other provisions of this title, property that is held by a debtor that is a corporation described in section 501(c)(3) of the Internal Revenue Code of 1986 and exempt from tax under section 501(a) of such Code may be transferred to an entity that is not such a corporation, but only under the same conditions as would apply if the debtor had not filed a case under this title."

8. As represented in its Voluntary Petition initiating its chapter 11 case, as well as in

13537510.3

its Corporate Ownership Statement filed with its Voluntary Petition, QMC-ED is a non-profit corporation formed pursuant to chapter 180 of the Massachusetts General Laws and is a tax-exempt organization under Title 26 of the Internal Revenue Code. Accordingly, Sections 363(d)(1) and 541(f) require that applicable nonbankruptcy law, in this case the laws of the Commonwealth of Massachusetts, be respected.

9. A Massachusetts business trust with transferrable shares is similar to a corporation in many respects. Swartz v. Sher, 344 Mass. 636, at 639 (1962). Ordinarily, restrictions on the transfer of the shares of stock of a corporation are enforceable unless contrary to public policy and no such restrictions should be declared void unless "palpably unreasonable". 68 Beacon St. v. Sohier, 289 Mass. 354, at 361 (1935); See also Colbert v. Hennessey, 351 Mass. 131 (1966). Even when shares of stock become part of a decedent's estate by operation of law, further transfer of such shares is subject to reasonable restrictions on transfer. Colbert, at 140. Furthermore, restrictions on the transfer of stock that are designed to control entry into a corporation by outsiders have been found to be valid. Id. at 141.

10. The restrictions on transfer of the Shares as set forth in the Declaration of Trust and in the Shareholders Agreement are reasonable and not contrary to public policy as they are calculated to preserve the tax benefits of the transaction for which the Trust was established. Consequently, the Shares can only be transferred to entities which are described in Code Section 501(c)(3) and Code Section 509(a)(1) or (2) and then only in accordance with the Shareholders Agreement to which the transferee would have to become a party.

WHEREFORE, BMC NAB Business Trust respectfully requests that this Court order that:

1. The Shares of BMC NAB Business Trust owned by QMC ED Physicians, Inc. be excluded from the proposed sale of the Debtors' business assets;

2. The bidding procedures order to be entered so specify; and

3. Such other and further relief as shall be just.

Respectfully submitted,

BMC NAB BUSINESS TRUST

Dated: July 14, 2011

By its attorneys,

_____
Mark N. Berman (BBO#040360)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617-345-1000)

13537510.3

CERTIFICATE OF SERVICE

I hereby certify that the forgoing **LIMITED OBJECTION OF BMC NAB BUSINESS TRUST TO APPROVAL OF SALE PROCEDURES** has been duly served on July 14, 2011, upon the following persons or entities by causing a true copy thereof to be placed in the US Mail, first class mail, postage prepaid, to:

Healthplans, Inc.
1500 West Park Drive
Suite 330
Westborough, MA  01581

Boston University
Psychiatric Associate, Inc.
715 Albany Street
M-8th Floor
Boston, MA  02118

Claflin
455 Warwick Industrial Drive
Warwick, RI  02886

Sodexho Inc. & Affiliates
9801 Washingtonian Blvd.
Gaithersburg, MD  20878

Commonwealth of Massachusetts
Division of Unemployment Assistance
Bankruptcy Unit, 5th Floor
19 Staniford Street
Boston, MA  02114-2502

Direct Energy Service, LLC
1001 Liberty Avenue
Pittsburgh, PA  15222

Promutual
101 Arch Street
4th Floor
Boston, MA  02110

City of Quincy
Quincy City Hall
1305 Hancock Street
Quincy, MA  02169

Cardinal Health Boston Division
7000 Cardinal Place
Dublin, OH  43017

Biomet Inc.
55 East Bell Drive
P. O. Box 587
Warsaw, IN  46581-0587

Per-Se Technologies, Inc.
1145 Sanctuary Parkway
Suite 200
Alpharetta, GA  30004

Roche Diagnostics Corporation
P. O. Box 50457
9115 Hague Road
Indianapolis, IN  46250-0457

13537510.3

| | |
|---|---|
| National Grid<br>40 Sylvan Road<br>Waltham, MA  02451 | Linc Health Inc.<br>325 Hopping Brook Road<br>Holliston, MA  01757 |
| U.S. FoodService, Inc.<br>9399 W. Higgins Road<br>Rosemont, IL  60018 | Sprague Energy Corp.<br>Two International Drive<br>Suite 200<br>Portsmouth, NH  03801-6809 |
| Delta Dental of MA<br>465 Medford Street<br>Boston, MA  02129-1454 | Johnson & Johnson Health Care Sys.<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ  08933 |
| American Red Cross Blood Services<br>2025 E. Street, N.W.<br>Washington, DC  20006 | Favorite Healthcare Staffing<br>7255 W. 98th Terrace<br>Building 5, Suite 150<br>Overland Park, KS  66212 |

/s/ Mark N. Berman
Mark N. Berman

13537510.3