UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: <br><br>QUINCY MEDICAL CENTER, INC., <br>QMC ED PHYSICIANS, INC., <br>QUINCY PHYSICIAN CORPORATION <br><br>Debtors. | Chapter 11 <br><br>Case No. 11-16394-MSH <br><br>(Jointly Administered) |

## NOTICE OF (A) INTENDED SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES (INCLUDING RELATED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES); (B) SALE PROCEDURES; (C) DEADLINES FOR SUBMITTING OFFERS AND OBJECTIONS; AND (D) HEARING DATES

To Creditors and Parties in Interest:

**PLEASE TAKE NOTICE THAT**, pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004 and 6006, and pursuant to the Debtors' Motion For Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to Sections 363 and 365 of the Bankruptcy Code and Court-Approved Sale Procedures dated July 1, 2011 [Docket No. 8] (the "Sale Motion"), Quincy Medical Center, Inc. ("QMC"), QMC ED Physicians, Inc. ("QED") and Quincy Physician Corporation ("QPC" and, with QMC and QED, the "Debtors" or the "Company") intend to sell substantially all of the Company's assets utilized by the Company in operating its business, including without limitation the Company's (i) interests in real property, including the Company's fee interest in real property improved by its 196-bed acute care hospital (the "Hospital"), (ii) personal property (including equipment, furniture and inventory used to operate the Hospital), (iii) third-party payor contracts and provider numbers under which the Company collects most of its revenue, and other unexpired leases and executory contracts as designated by purchaser, and (iv) accounts receivable, work in process, intellectual property (including the Quincy Medical Center name), and other miscellaneous, specified assets (collectively, the "Assets"), to Steward Medical Holdings Subsidiary Five, Inc. ( "Steward") or such other entity that submits the highest or otherwise best offer to acquire the Assets pursuant to the Sale Procedures (as defined below) (the "Proposed Sale"). The Proposed Sale is to be made pursuant to the Asset Purchase Agreement between the Company and Steward (the "APA") attached as Exhibit A to the Sale Motion.

The Proposed Sale is to be governed by the procedures (the "Sale Procedures") approved by (and attached as Exhibit A to) the Order (A) Approving Procedures Governing Proposed Sale of Substantially All Assets Free and Clear of Liens, Claims, and Encumbrances (Including Related Assumption and Assignment of Certain Unexpired Leases of Real Property and Executory Contracts); (B) Approving Form and Manner of Notice of Sale; and (C) Granting Related Relief

entered by the Bankruptcy Court on July ___, 2011 (the "Sale Procedures Order"). **If you are interested in submitting a bid to purchase the Assets or any substantial portion thereof including the Hospital, please contact the Company's financial advisor, Navigant Capital Advisors, LLC ("Navigant"), Attention: Gregory Hagood, Phone (404) 504-2017, Fax (404) 504-2023, email: ghagood@ncacf.com, in order (i) to obtain additional information about the Assets and to arrange for execution and delivery to the Company of a confidentiality agreement pursuant to which such additional information will be provided, and (ii) to obtain a copy of the Sale Procedures containing the terms and conditions governing the submissions of bids to purchase the Assets.** *Please do not contact the Company or its employees directly.* **Offers to purchase the Assets must comply with the Sale Procedures to be considered for acceptance by the Company and approval by the Bankruptcy Court. In accordance with the Sale Procedures, competing purchase offers must be submitted by no later than August 8, 2011 at 4:00 p.m. (prevailing Eastern Time).**

Pursuant to Section 363 of the Bankruptcy Code, the Assets will be sold free and clear of liens, claims and encumbrances (except for certain Permitted Exceptions as set forth in the APA), whether consensual or arising by operation of law, with all such liens, claims and encumbrances to attach with equal effect and priority to the proceeds of sale. The Assets are subject to various liens and security interests, including those asserted by U.S. Bank National Association, as Trustee (the "Bond Trustee") for the holders of $60,250,000 of Massachusetts Health and Educational Facilities Authority ("MHEFA") Revenue Bonds, Quincy Medical Center Issue, Series A (2008) (the "Bonds"), and (ii) Boston Medical Center Corporation. The Assets will *not* be sold free and clear of certain purchase money security interests (PMSI) identified in Schedule 1.1(c) of the APA. The order of the Bankruptcy Court approving the Proposed Sale will order all parties in possession of Assets being sold to make such Assets available to the Company, with such parties' liens and claims, if any, to attach to the proceeds of sale.

Among the Assets to be sold under the APA is QED's ten percent (10%) ownership interest (the "QED Shares") in BMC NAB Business Trust, a Massachusetts business trust (the "Trust"). Boston Medical Center Corporation ("BMC"), a Massachusetts charitable corporation, owns the other 90 percent (90%) interest in the Trust. The Trust owns the Shapiro Ambulatory Care Center located on the BMC campus in Boston, Massachusetts. The instrument creating the Trust limits ownership of Trust interests to entities that are described in Section 501(c)(3) or Section 509(a)(1) or (2) of the Internal Revenue Code (i.e., non-profit entities). QED has the right under a Shareholders Agreement with BMC to sell its Trust interest to BMC in 2015 for $100,000. Prospective bidders for the Assets may elect to exclude the QED Shares from their competing bids by so indicating in their marked Asset Purchase Agreement submitted in accordance with the Sale Procedures. Any prospective bidder that does not exclude the QED Shares from its offer must provide evidence of its ability to comply with the requirement that the QED Shares may be acquired only by an entity described in Section 501(c)(3) or Section 509(a)(1) or (2) of the Internal Revenue Code. **In addition, bidders may submit offers to purchase ONLY the QED Shares.** Any bidder that would like to make an offer to purchase only the QED shares must comply with these Sale Procedures except that there shall be no minimum bid amount required for an offer to acquire the QED Shares, and any offer to acquire only the QED Shares must be accompanied by a deposit equal to ten percent (10%) of the bid amount.

2

Also among the Assets to be sold under the APA are the Company's rights under certain unexpired leases of real and personal property, and under certain executory contracts, to be identified by Steward pursuant to the APA, or by any other Winning Bidder (as defined in the Sale Procedures) under its Asset Purchase Agreement with the Company (the "Assigned Agreements"), which rights are to be transferred through the Company's assumption of the Assigned Agreements, and assignment of the Assigned Agreements to Steward, pursuant to Sections 363 and 365 of the Bankruptcy Code. The order of the Bankruptcy Court approving the sale of the Assets will also serve to bar any and all claims arising out of the Assigned Agreements (subject to the rights of non-Company parties to such agreements to cure of existing defaults and adequate assurance of future performance, in accordance with Section 365 of the Bankruptcy Code), and claims for successor liability. *The specific Assigned Agreements to be designated for assumption and assignment to the Winning Bidder will be the subject of a separate notice to be transmitted to the non-Debtor parties to such Assigned Agreements after the Bankruptcy Court's designation of the Winning Bidder pursuant to the Sale Procedures. That notice will set forth procedures governing objections to the proposed assumption and assignment of the Assigned Agreements, including with respect to asserted cure payments or adequate assurance of future performance necessary to permit the proposed assumption and assignment.*

**ANY OBJECTIONS TO THE SALE MOTION** must be stated in writing and must state with particularity the grounds for the objection and why the sale of the Assets should not be authorized and must be filed with the Office of the Clerk, United States Bankruptcy Court, Donohue Federal Building, 595 Main Street, Room 211, Worcester, MA 01608-2076, no later than 4:00 p.m. (prevailing Eastern Time) on September 8, 2011 (the "Objection Deadline"), and a copy served upon each of the following parties (the "Notice Parties") so as to be received by such Objection Deadline:

(a) bankruptcy counsel to the Company, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Attn: John T. Morrier, Esq., Fax (617) 426-8810, email morrier@casneredwards.com *(who shall promptly provide notice of any objection to the Winning Bidder)*

(b) counsel to the Creditors' Committee, Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, MA 02210, Attn: Jeffrey D. Sternklar, Esq., Fax (857) 401-3105, email: JDSternklar@duanemorris.com

(c) counsel to the Indenture Trustee for the Company's 2008 MHEFA bond issue, (x) Kaye Scholer LLP, 70 West Madison Street, 41st Floor, Chicago, IL 60602, Attn: Matthew Micheli, Fax (312) 583-2508, email: mmicheli@kayescholer.com, and (y) Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110, Attention: Richard C. Pedone, Esq., email: rpedone@nixonpeabody.com

(d) the Office of the United States Trustee for the District of Massachusetts, 446 Main Street, 14th Floor, Worcester, MA 01608, Attn: Stephen Meunier, Esq., Fax (508) 793-0558, email: stephen.meunier@usdoj.gov

3

      (e)    the Office of the Attorney General of the Commonwealth of Massachusetts, 1 Ashburton Place, Boston, MA 02108, Attention: Nora Mann, Esq., email: nora.mann@state.ma.us

Objections to the Sale Motion (or to assumption and assignment of any Assigned Agreement) will be governed by Fed. R. Bankr. P. 9014.

    **PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "Winning Bidder Hearing") will be held before the Honorable Melvin S. Hoffman, United States Bankruptcy Judge, in the United States Bankruptcy Court, Donohue Federal Building, Third Floor (Courtroom 3), 595 Main Street, Worcester, Massachusetts, on August 17, 2011 at 11:00 a.m. (prevailing Eastern Time) to consider approval of the Winning Bidder in respect of which the Company (i) will seek authority pursuant to Section 365 of the Bankruptcy Code to assume and assign the Assigned Agreements designated by such Winning Bidder, (ii) will proceed at the Sale Hearing (defined below) to seek entry of the Sale Order authorizing the sale of the Assets to the Winning Bidder, and (iii) will seek the necessary regulatory review and approval of the sale of the Assets to the Winning Bidder.

    **PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "Sale Hearing") will be held before the Honorable Melvin S. Hoffman, United States Bankruptcy Judge, in the United States Bankruptcy Court, Donohue Federal Building, Third Floor (Courtroom 3), 595 Main Street, Worcester, Massachusetts, on September 21, 2011 at 10:00 a.m. (prevailing Eastern Time) to consider (i) approval of the Sale Motion and the sale of the Assets to the Winning Bidder, and (ii) any objections to assumption and assignment of the Assigned Agreements.

    **PLEASE TAKE FURTHER NOTICE THAT** any interested party requesting additional information with respect to the Proposed Sale or with respect to submitting a bid to purchase the Assets may (in addition to contacting Navigant as set forth above) contact counsel to the Company, John T. Morrier, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210, Phone (617) 426-5900, Fax (617) 426-8810, email morrier@casneredwards.com, provided that notwithstanding any information which may be provided, all entities submitting an offer shall be relying upon their own independent due diligence and analysis.

    **PLEASE TAKE FURTHER NOTICE THAT** copies of the Sale Motion and the Sale Procedures Order may be obtained from the Office of the Clerk, United States Bankruptcy Court, Donohue Federal Building, 595 Main Street, Room 211, Worcester, MA 01608-2076, at the website maintained for the Company's Chapter 11 case at http://dm.epiq11.com/qmc, or by making a written request to undersigned counsel to the Company.

Dated: July ___, 2011

                         QUINCY MEDICAL CENTER, INC.
                         QMC ED PHYSICIANS, INC.
                         QUINCY PHYSICIAN CORPORATION
                         By their attorneys,


                         */s/ John T. Morrier*
                         John T. Morrier (BBO #628624)
                         Michael J. Goldberg (BBO #551869)
                         A. Davis Whitesell (BBO #551462)
                         Andrew T. Imbriglio (BBO #676049)
                         Casner & Edwards, LLP
                         303 Congress Street
                         Boston, MA  02210
                         Tel: 617-426-5900
                         Fax: 617-426-8810
                         Email: morrier@casneredwards.com