UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re                                )<br>                                       )<br>QUINCY MEDICAL CENTER, INC., )<br>                                       )<br>      Debtor.                   )<br>                                       ) | Chapter 11<br>Case No. 11-16394-MSH |

**LIMITED OBJECTION OF RADIUS SPECIALTY HOSPITAL, LLC TO DEBTORS' MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY ALL ASSETS (INCLUDING THROUGH ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS) PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND COURT-APPROVED SALE PROCEDURES**

Quincy Medical Center, Inc. (the "Debtor") has filed the Debtors' Motion for Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to Sections 363 and 365 of the Bankruptcy Code and Court-Approved Sale Procedures (the "Motion") (filed July 1, 2011 as pleading no. 8), through which it seeks to sell substantially all of its assets free and clear of all liens, claims, and encumbrances. Radius Specialty Hospital, LLC ("Radius") is a tenant of the Debtor pursuant to a lease of a portion of the Debtor's hospital building. The Debtor has not yet sought either to assume or reject its lease with Radius. If the Debtor rejects such lease then Radius will have the right pursuant to § 365(h) of Title 11 of the United States Code (the "Bankruptcy Code") to remain in possession of its leased premises through the term of the lease and any renewal periods, so long as it pays rent. The Motion does not specify whether it seeks sale of the Debtor's property free and clear of such right of Radius. Radius therefore hereby files this limited objection to the

L:\3013\015\Pld\01

Motion, to the extent the Motion does seek to divest Radius of such right. In support of its objection, Radius states as follows:

1. The Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on July 1, 2011. Simultaneously with its petition, the Debtor filed the Motion. The Motion seeks to sell substantially all of the Debtor's assets free and clear of all liens, claims, and encumbrances pursuant to § 363 of the Bankruptcy Code, and it also seeks to assume and assign selected unexpired leases and executory contracts.

2. By order dated July 19, 2011, this Court established procedures for action on the Motion, including a deadline of August 20, 2011 for the Debtor to notify those parties to the unexpired leases and executory contracts that the Debtor was seeking to assume and assign of its intention to do so.

3. Radius is party to an unexpired lease with the Debtor, specifically an Amended and Restated Satellite Lease dated March 14, 2007 (the "Lease") for a portion of the Debtor's hospital building. Radius is also party to a Facility and Ancillary Services Agreement with the Debtor dated March 14, 2007 (the "Services Agreement") for the purchase of services for Radius' business operations in the leased premises.

4. Although the motion for sale of substantially all the Debtor's assets includes, in its description of the "core services" offered by the Debtor, a reference (*see* Motion, p. 7) to "a 38 bed long term acute care hospital (under Radius's license) comprising approximately 20,700 square feet," the Debtor has not as of the date hereof sought to assume either the Lease or the Services Agreement.

5. If the Debtor rejects the Lease, then Radius will have the right pursuant to § 365(h) of the Bankruptcy Code to remain in possession of its leased premises through

the term of the lease and any renewal periods, so long as it pays rent. "Through § 365(h), Congress has afforded tenants of debtors who are lessors special protections in the event a debtor as lessor rejects a lease. Section 365 provides the trustee and debtors in possession with the right to reject executory contracts and unexpired leases. In the case of a Debtor/lessor's rejection of a lease, however, the power is limited and tenants are given two options: either treat the lease as terminated and make a claim for damages, or continue in possession and pay rent." *In re Haskell, L.P.*, 321 B.R. 1, 6-7 (Bankr. D. Mass. 2005). The Motion does not specify whether it seeks sale of the Debtor's property free and clear of such right of Radius, and Radius objects to the Motion to the extent the Motion does seek to divest Radius of such right.

6. Several courts have held that a right under § 365(h) of the Bankruptcy Code is not a right that can be extinguished by a sale under § 363 of the Bankruptcy Code. In *In re Taylor*, 198 B.R. 142, 167 (Bankr. D.S.C. 1996), for example, the Court stated, "in order to recognize the apparent intentions of drafters of the Bankruptcy Code as expressed so specifically in § 365(h), this Court agrees that § 365 is the necessary avenue which this Debtor must follow before this Court could authorize a transfer of the real property which [the objecting tenant] has leased." *Accord, In re Churchill Props. III, L.P.,* 197 B.R. 283, 288 (Bankr. N.D. Ill. 1996). The *Haskell* Court was "persuaded by the views espoused by the courts in *Taylor* and *Churchill*. If the Court were to grant the Debtor's Sale Motion, the provisions of § 365(h) would be eviscerated. In other words, the Debtor would be doing indirectly what it could not do directly, namely, dispossessing [the objecting tenant]." 321 B.R. at 9.

7. While the only circuit court to have considered the issue has held that a right under § 365(h) of the Bankruptcy Code can be extinguished in appropriate circumstances by a sale under § 363 of the Bankruptcy Code, *Precision Industries, Inc., v. Qualitech Steel SBQ, LLC,* 327 F.3d 537 (7th Cir. 2003), that Court held that such a sale had to satisfy § 363(f) of the Bankruptcy Code and had to provide the tenant with adequate protection of the interest that was being extinguished. Neither of those two conditions is met with respect to Radius's interest.

8. First, although § 363(f) of the Bankruptcy Code provides five alternative conditions that permit a sale to be free and clear of an interest, the Motion nowhere specifies any of these conditions, or even discusses § 363(f). Radius does not believe any of the five conditions would be applicable or could permit sale free and clear of its § 365(h) rights.

9. Second, while the adequate protection that would have to be provided to Radius "'does not necessarily guarantee a lessee's continued possession of the property, … it does demand, in the alternative, that the lessee be compensated for the value of its leasehold—typically from the proceeds of the sale.'" *Precision Industries*, 327 F.3d at 548 (citing Steven R. Haydon and Nancy J. March, "Sale of Estate Property Free and Clear of Real Property Leasehold Interests Unwritten Limitation?," 19 Am. Bankr.Inst. J. at 22 & n. 5 (2002)). "[U]pon request, the bankruptcy court is obligated to ensure that [tenants'] interests are adequately protected." *Id.* The Motion contains no offer of adequate protection to Radius, and Radius believes the amount required for such adequate protection would be substantial (and if required Radius will provide evidence thereof).

10. Thus, even if this Court were to follow the cases that hold that a § 365(h) right can be extinguished by a § 363 sale, Radius's right cannot be extinguished because of the failure to meet the requirements of §363(f) as well as the failure to provide adequate protection.

WHEREFORE, Radius respectfully requests that the Court:

1. Deny the Motion to the extent the requested sale would extinguish the § 365(h) rights of Radius; and

2. Grant such other and further relief as is appropriate.

Respectfully submitted,

RADIUS SPECIALTY HOSPITAL, LLC,

By its attorneys,

/s/ Adam J. Ruttenberg
Adam J. Ruttenberg (BBO #553158)
LOONEY & GROSSMAN LLP
101 Arch Street, 9th Floor
Boston, Massachusetts 02110
(617) 951-2800
aruttenberg@lgllp.com

Dated:  September 8, 2011

L:\3013\015\Pld\01

# CERTIFICATE OF SERVICE

I, Adam J. Ruttenberg, hereby certify that on September 8, 2011, a true copy of **Limited Objection of Radius Specialty Hospital, LLC to Debtors' Motion for Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to Sections 363 and 365 of the Bankruptcy Code and Court-Approved Sale Procedures** was served on the following by first-class mail, postage prepaid:

Kirk B. Burkley, Esq.
Suite 2200 Gulf Tower
Pittsburgh, PA 15219-1900

Nora Mann, Esq.
Office of the Attorney General
1 Ashburton Place
Boston, MA 02108

Lori L Purkey, Esq.
Purkey & Associates PLC
2251 E. Paris Ave., SE, Suite B
Grand Rapids, MI 49546

Judy Thompson, Esq.
JD Thompson Law
P.O. Box 33127
Charlotte, NC 28233

U.S. Foodservice, Inc.
c/o Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

The undersigned understands that the following received e-mail notice of the filing of this document:

- John J. Aquino    jja@andersonaquino.com
- Thomas O. Bean    tbean@verrilldana.com
- Janet E. Bostwick    jeb@bostwicklaw.com
- Daniel J. Carragher    djcarragher@daypitney.com
- Mark D. Cress    mcress@bulkley.com, nprice@bulkley.com
- Bertin C. Emmons    bemmons@sovereignbank.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Daniel J. Hammond    dan.hammond@state.ma.us
- Jennifer L. Hertz    Jennifer.L.Hertz@usdoj.gov
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com
- James D. McGinley    jmcginley@eapdlaw.com
- Frank McGinn    ffm@bostonbusinesslaw.com
- Stephen E. Meunier    stephen.meunier@usdoj.gov
- Paul D. Moore    pdmoore@duanemorris.com, mmmelo@duanemorris.com
- John T. Morrier    morrier@casneredwards.com
- David J. Noonan    noonan@law-djn.com, noonanfamily@comcast.net
- Christopher J. Panos    panos@craigmacauley.com
- Richard C. Pedone    rpedone@nixonpeabody.com
- Steffani Pelton    pelton@mandkllp.com
- William J. Ritter    writter@phrllp.com
- David B Rome    drome@pylerome.com
- Mackenzie Shea    mackenzie.shea@klgates.com, bobankruptcyecf@klgates.com
- Jeffrey D. Sternklar    jdsternklar@duanemorris.com, jdsternklar@yahoo.com
- Lesley Varghese    lvarghese@nixonpeabody.com, bos.managing.clerk@nixonpeabody.com
- A. Davis Whitesell    whitesell@casneredwards.com, d.whitesell@comcast.net
- Ashley H. Wisneski    ashley.wisneski@state.ma.us

    /s/ Adam J. Ruttenberg
    Adam J. Ruttenberg