UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| IN RE: | : CHAPTER 11 |
| | : |
| QUNICY MEDICAL CENTER, INC. | : CASE NO. 11-16394-MSH |
| QMC ED PHYSICIANS, INC. | : |
| QUINCY PHYSICIANS CORPORATION | : (Jointly Administered) |
| Debtors. | : |

**LIMITED OBJECTION OF UNITED HEALTHCARE INSURANCE COMPANY TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES INCIDENT SALE OF SUBSTANTIALLY ALL ASSETS AND OF RELATED HEARING AND OBJECTION DEADLINES**

United HealthCare Insurance Company ("UHC"), by and through its undersigned counsel, submits the following limited objection to the Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases Incident To Sale of Substantially All Assets and of Related Hearing and Objection Deadlines (the "Notice of Assumption and Assignment") as to cure amount.[1] In support of its limited objection, UHC states as follows:

**I.    INTRODUCTION**

1.    As set forth below, the Debtors and UHC, on behalf of itself, UnitedHealthcare of New England, Inc. and its other affiliates, are parties to a Facility Participation Agreement with an effective date of March 1, 2009 (the "Facility Participation Agreement"). Under the Facility Participation Agreement, Debtors provide

---

[1] The Debtors have consented to a one day extension of time for UHC to file the instant limited objection to the Notice of Assumption and Assignment.

2023375v2

health care services to individuals enrolled under UHC's health plans, in exchange for the payment to the Debtors of certain negotiated fees for claims submitted by the Debtors for the performance of such health care services.

2. An audit recently concluded by UHC on the payment of claims to the Debtors under the Facility Participation Agreement shows that UHC has overpaid claims submitted by the Debtors in the amount of $14,306.20.

3. Pursuant to Section 6.10 of the Facility Participation Agreement, the Debtors are required to return any overpayment of claims to UHC.

## II. LIMITED OBJECTION

4. In the Managed Care Contracts section of Exhibit A to the Notice of Assumption and Assignment lists a contract with "United Healthcare" with the description "United Healthcare" and the cure amount of "$0.00".

5. Presumably, the listed contract is the Facility Participation Agreement.

6. UHC solely objects to the cure amount listed for the Facility Participation Agreement, which as a result of the above mentioned overpayment of claims should be $14,306.20.

## III. CONCLUSION

WHEREFORE, UHC respectfully requests the Court enter an order (i) requiring the payment of the appropriate cure amount for the Facility Participation Agreement as described herein, and (ii) such further relief as the Court deems appropriate.

2023375v2

                                          United Healthcare Insurance Company
                                          By its Counsel,

Dated: September 9, 2011          /s/Gary W. Cruickshank, Esq.
                                          21 Custom House Street
                                          Suite 920
                                          Boston MA 02110
                                          (617)330-1960
                                          (BBO107600)
                                          gwc@cruickshank-law.com

2023375v2

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that on September 9, 2011, I electronically filed with the Clerk of the Bankruptcy Court, the attached Limited Objection and served same in the following manner upon the interested parties:

E-mail service: via the Court's CM/ECF system which sent notification of such filing to the following:

- John J. Aquino    jja@andersonaquino.com
- Thomas O. Bean    tbean@verrilldana.com
- Janet E. Bostwick    jeb@bostwicklaw.com
- Daniel J. Carragher    djcarragher@daypitney.com
- Mark D. Cress    mcress@bulkley.com, nprice@bulkley.com
- Gayle P. Ehrlich    gehrlich@pierceatwood.com, rlucibello@pierceatwood.com
- Bertin C. Emmons    bemmons@sovereignbank.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Daniel J. Hammond    dan.hammond@state.ma.us
- Jennifer L. Hertz    Jennifer.L.Hertz@usdoj.gov
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com
- James D. McGinley    jmcginley@eapdlaw.com
- Frank McGinn    ffm@bostonbusinesslaw.com
- Stephen E. Meunier    stephen.meunier@usdoj.gov
- Paul D. Moore    pdmoore@duanemorris.com, mmmelo@duanemorris.com
- John T. Morrier    morrier@casneredwards.com
- David J. Noonan    noonan@law-djn.com, noonanfamily@comcast.net
- Christopher J. Panos    panos@craigmacauley.com
- Richard C. Pedone    rpedone@nixonpeabody.com
- Steffani Pelton    pelton@mandkllp.com
- William J. Ritter    writter@phrllp.com
- David B Rome    drome@pylerome.com
- Adam J. Ruttenberg    aruttenberg@lgllp.com, adambrosio@lgllp.com
- Mackenzie Shea    mackenzie.shea@klgates.com, bobankruptcyecf@klgates.com
- Jeffrey D. Sternklar    jdsternklar@duanemorris.com, jdsternklar@yahoo.com
- Lesley Varghese    lvarghese@nixonpeabody.com, bos.managing.clerk@nixonpeabody.com
- A. Davis Whitesell    whitesell@casneredwards.com, d.whitesell@comcast.net
- Ashley H. Wisneski    ashley.wisneski@state.ma.us

By regular United States mail, postage prepaid;

    Kirk B. Burkley
    Suite 2200 Gulf Tower

4

2023375v2

Pittsburgh, PA 15219-1900

Nora Mann
Office of the Attorney General
1 Ashburton Place
Boston, MA 02108

Lori L Purkey
Purkey & Associates PLC
2251 E. Paris Ave., SE, Suite B
Grand Rapids, MI 49546

Judy Thompson
JD Thompson Law
P.O. Box 33127
Charlotee, NC 28233

U.S. Foodservice, Inc.
c/o Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Dated: September 9, 2011                    /s/Gary W. Cruickshank, Esq.