UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| QUINCY MEDICAL CENTER, INC., ) | |
| QMC ED. PHYSICIANS, AND ) | |
| QUINCY PHYSICIAN CORPORATION ) | |
| ) | CASE NO. 11-16394 (MSH) |
| DEBTORS. ) | |
| ) | |

**STEWARD'S MEMORANDUM OF LAW IN RESPONSE TO LIMITED OBJECTION OF RADIUS SPECIALTY HOSPITAL, LLC TO DEBTORS' MOTION FOR AUTHORITY TO SELL SUBSTANTIALLY ALL ASSETS (INCLUDING THROUGH ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS) PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND COURT-APPROVED SALE PROCEDURES**

Quincy Medical Center, A Steward Family Hospital, Inc., formerly known as Steward Medical Holdings Subsidiary Five, Inc. ("Steward"), by and through its undersigned attorneys, hereby files this Memorandum of Law in Response to Limited Objection of Radius Specialty Hospital, LLC ("Radius") to the Debtors' Motion for Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to Sections 363 and 365 of the Bankruptcy Code and Court-Approved Sale Procedures (the "Radius Objection"), and respectfully states as follows:

I.   INTRODUCTION

The Radius Objection should be denied in its entirety because Radius fully subordinated the leasehold interest at issue to that of a mortgagee. While this fact is omitted from the Radius Objection, Radius's execution of that document is in fact dispositive to the issue presented in the Radius Objection as it extinguishes any right Radius may otherwise have had pursuant to section 365(h) under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). As

discussed more fully below, because of Radius's subordination, whatever rights it possesses in the leasehold are now directly subject to Bankruptcy Code section 363(f)(1), which allows a debtor to sell its property free and clear of interests akin to Radius's so long as such a sale would be permitted under non-bankruptcy law. <u>See</u> 11 U.S.C. 363(f)(1). In this case, ample state law exists allowing for the sale of the Debtors' property free and clear of Radius's leasehold interest. For this reason, in addition to others set forth below, the Radius Objection must be overruled.

## II. BACKGROUND

### A. <u>The Bankruptcy Case</u>

1. The above-captioned debtors (the "<u>Debtors</u>") filed individual voluntary petitions for relief under chapter 11 of the Bankruptcy Code on July 1, 2011 (the "<u>Petition Date</u>").

2. An Order permitting the joint administration of the Debtors' cases was entered on the Petition Date.

3. The Debtors continue to manage and operate their business and property as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### B. <u>The Asset Sale</u>

4. Concurrently with the filing of its voluntary petitions, the Debtors filed a Motion for Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to sections 363 and 365 of the Bankruptcy Code and Court-Approved Procedures (the "<u>Sale Motion</u>").

5. Through the Sale Motion, the Debtors seek this Court's approval to sell substantially all of their assets to Steward, the high bidder for such assets, pursuant to an asset purchase agreement executed by the Debtors and Steward on June 30, 2011.

6. Under the terms of the Debtors' proposed order approving the sale of their assets, Steward will take the Debtors' assets free and clear of any liens claims or encumbrances, including but not limited to, any obligations owing by the Debtors to Radius under the terms of the Lease (as defined below).

B. <u>The Radius Lease and Subordination Agreement</u>

7. Quincy Medical Center, Inc ("<u>QMC</u>"), one of the Debtors, entered into an Amended and Restated Satellite Lease with Radius on March 14, 2007 (the "<u>Lease</u>"). A copy of the Lease is attached hereto as Exhibit A. Under the terms of the Lease, Radius leased a portion of the QMC's hospital building. The initial term of the lease expires in March of 2012; however the Lease allows Radius to extend the term of the Lease in five (5) year increments up to four (4) times. <u>See</u> Lease at 3, 26. As such, the term of the Lease may be extended in excess of over twenty-one (21) years from the Petition Date.

8. U.S. Bank National Association (the "<u>Mortgagee</u>") possesses a mortgage on the real property of the Debtors upon which its medical facilities are located (the "<u>Mortgage</u>").

9. Radius, the Mortgagee and QMC executed a Subordination and Attornment Agreement, dated March 14, 2007 (the "<u>Subordination Agreement</u>"). A copy of the Subordination Agreement is attached hereto as Exhibit B. The Subordination Agreement states in part that:

> the Lease and the leasehold estate created thereby, and all of [Radius's] rights thereunder, are and shall be and shall <u>at all times remain subject, subordinate and inferior to the Mortgage</u> . . . and all rights of [Mortgagee] thereunder . . . . If [Mortgagee] . . . shall succeed to the interest of [the Debtors] under the Lease . . . or acquire [Debtors'] interest in the Property <u>upon a foreclosure, deed-in-lieu thereof</u>, or through any other enforcement of the Mortgage . . . [Radius] agrees that . . . the Lease . . . <u>shall automatically terminate and be of no further force and effect upon such succession</u>.

Subordination Agreement § 2 (emphasis added).

### III.   RESPONSE

10. The Radius Objection should be overruled in its entirety. Radius entered into a Subordination Agreement, and by operation of the specific terms of that agreement, the Mortgagee and QMC each possess the right under applicable non-bankruptcy law to sell the property that is subject to Radius's leasehold interest or to compel Radius to accept monetary damages arising from a premature termination of the Lease. As a result, sale of the Debtors' assets free and clear of Radius's interest is authorized under both Bankruptcy Code sections 363(f)(1) and 363(f)(5), and the protections otherwise afforded to tenants under Bankruptcy Code section 365(h) are inapplicable to Radius. Additionally, the Subordination Agreement has the effect of precluding any possible basis upon which Radius could assert a cognizable claim for adequate protection, and Radius's assertions for such adequate protection must therefore be denied.

    A.    <u>The Debtors May Sell Their Property Free of Radius's Leasehold Interest Pursuant to Bankruptcy Code Section 363(f)(1)</u>

11. The Debtors may sell their property free of Radius's leasehold interest because such a sale is expressly permitted under Bankruptcy Code section 363(f)(1). Bankruptcy Code section 363(f) provides that, under certain specified conditions, property sold pursuant to Bankruptcy Code section 363(b) may be sold "free and clear of <u>any</u> interest in such property". 11 U.S.C. § 363(f) (emphasis added). When determining what constitutes an "interest" for purposes of Bankruptcy Code section 363(f) "[t]he modern trend is toward an expansive reading . . . that is not circumscribed or strictly confined to <u>in rem</u> interests in the debtor's property." <u>John T. Callahan & Sons, Inc. v. Dykeman Elec. Co</u>., 266 F. Supp. 2d 208, 222 (D. Mass. 2003) (citing <u>EEOC v. Knox-Schillinger (In re TWA, Inc.)</u>, 322 F.3d 283, 288 (3rd Cir. 2003)). With

respect to leaseholds "[m]any courts . . .have interpreted the term broadly to include possessory interests of tenants under leases." In re Haskell, 321 B.R. 1, 13 (Bankr. D. Mass. 2004).

12. Bankruptcy Code section 363(f)(1) permits sales free of interests where "applicable non-bankruptcy law permits such sales." 11 U.S.C. § 363(f)(1). In this case, pursuant to the Subordination Agreement, both a foreclosure sale by the Mortgagee and the conveyance of a deed in lieu by QMC allow for a sale free and clear of Radius's interest under applicable Massachusetts state law.[1] Radius specifically agreed that if the Mortgagee foreclosed or QMC provided the Mortgagee a deed in lieu, that its interest would be extinguished. Thus, the Bankruptcy Code section 363(f)(1) standard is met, and the Debtors may therefore sell their assets free and clear of Radius's interest in the Lease.

      B.    <u>Additional Authority Permitting the Debtors' Sale Free and Clear of Radius's Leasehold Interest</u>

13. Even if the authority allowing for the sale of the Debtors' property free and clear of Radius's leasehold interest under Bankruptcy Code section 363(f)(1) were not sufficient, further authority for the Debtors' sale free of that interest exists under Bankruptcy Code section 363(f)(5). Bankruptcy Code section 363(f)(5) sets forth as one of the specified conditions in which property may be sold free of "any" interest, that in which an interest holder "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5). Courts have concluded that Bankruptcy Code section 363(f)(5) permits the extinguishment of a party's interest where there is "the existence of another legal mechanism by which [such interest] could be extinguished without full satisfaction". See, e.g., In re Terrace

---

[1] While the Code does not define "sale", a deed in lieu transfer must constitute a "sale" for purposes of Bankruptcy Code section 363(f)(1) as courts in this state have concluded that a deed in lieu transfer is the equivalent of a sale and purchase of collateral. See J & W Wall Systems, Inc. v. Shawmut First Bank & Trust Co., 413 Mass. 42, 45 (Mass. 1992) (deed in lieu of foreclosure involves a purchase consistent with both Uniform Commercial Code definition of "purchase" as well as definition of "purchase" in acquisition of real or personal property).

Chalet Apts., 159 B.R. 821, 829 (N.D. Ill. 1993). Whether such a mechanism exists is determined by reference to applicable state law. See, e.g., In re Jolan, 403 B.R. 866, 869 (Bankr. W.D. Wash. 2009).

14. By virtue of the Subordination Agreement, a legal mechanism exists pursuant to Massachusetts General Laws chapter 231A that would allow the Mortgagee, in the case of foreclosure, or QMC, in the case of a deed in lieu, to bring a proceeding for a declaratory judgment that would extinguish Radius's leasehold interest in the mortgaged property. Therefore, Radius's leasehold constitutes an interest that may be sold free and clear of pursuant to Bankruptcy Code 363(f)(5).

    C.    Adequate Protection

15. In its objection, Radius implies that it has a right to receive adequate protection on account of its leasehold interest, when in fact it is entitled to none. Radius specifically agreed that its leasehold interest would terminate as a result of a foreclosure or deed in lieu thereof initiated by either the Mortgagee or the Debtors, and therefore, any potential claim Radius could have asserted upon the premature termination of the Lease was extinguished by operation of non-bankruptcy law in accordance with Bankruptcy Code section 363(f)(1).[2] In this way, this matter is distinguishable from this Court's decision in In re Haskell, 321 B.R. 1 (Bankr. D. Mass. 2005), a decision that the Radius Objection relies upon in large part. In In re Haskell, this Court noted that adequate protection payments may be appropriate under Bankruptcy Code section 363(f) when the holder of an interest is "compelled to accept a payment in exchange for its interest".

---

[2] It should be noted that the plain language of Bankruptcy Code section 363(f) states only that a debtor may sell its assets "free and clear" of "any" interest. 11 U.S.C. § 365(f). Thus, it's not clear that adequate protection payments arising under Bankruptcy Code section 365(h) are appropriate at all when the Debtors do not contemplate a rejection of a lease but instead seek to sell their assets free and clear of all interests, including leasehold interests, pursuant to Bankruptcy Code section 363(f). The Court need not address this question in order to resolve the present dispute however, as the specific terms of the Subordination Agreement do not allow Radius to properly assert a claim for adequate protection.

321 B.R. at 6. This is not the case here because under the terms of the Subordination Agreement, Radius agreed that its interest in the Lease could be extinguished entirely by the actions of either the Mortgagee or QMC, and therefore it has no interest in the Debtors' estate for which adequate protection would be appropriate.

WHEREFORE, for all of the reasons set forth above, Steward respectfully requests that the Court Deny the Radius Objection in its entirety and grant such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> QUINCY MEDICAL CENTER, A STEWARD FAMILY HOSPITAL, INC.. formerly known as STEWARD MEDICAL HOLDINGS SUBSIDIARY FIVE, INC.
>
> By its attorneys,
>
> /s/ James D. McGinley, Esq.
> James D. McGinley, Esq. BBO #333320
> William D. Currie, Esq. BBO #680844
> Edwards Angell Palmer & Dodge LLP
> 111 Huntington Avenue
> Boston, MA 02199
> Tel.: 617-239-0100
> Fax: 617-227-4420

Dated: September 20, 2011