UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| QUINCY MEDICAL CENTER, INC., ) | |
| QMC ED. PHYSICIANS, AND ) | |
| QUINCY PHYSICIAN CORPORATION ) | |
| ) | CASE NO. 11-16394 (MSH) |
| DEBTORS. ) | |
| ) | |

**STEWARD'S MEMORANDUM OF LAW
IN RESPONSE TO JOINT LIMITED OBJECTION
OF SHIELDS ONCOLOGY SERVICES, INC., *ET AL.*
TO DEBTORS' MOTION FOR AUTHORITY TO SELL
SUBSTANTIALLY ALL ASSETS (INCLUDING THROUGH
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS) PURSUANT TO
SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE**

Quincy Medical Center, A Steward Family Hospital, Inc., formerly known as Steward Medical Holdings Subsidiary Five, Inc. ("Steward"), by and through its undersigned attorneys, hereby files this Memorandum of Law in Response to the Joint Limited Objection of Shield's Oncology Services, Inc. ("Shields"), Partners HealthCare System, Inc. ("Partners Healthcare"), and South Shore Hospital, Inc. ("South Shore," and collectively with Shields and Partners Healthcare, the "Objecting Partners") to the Debtors' Motion for Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to Sections 363 and 365 of the Bankruptcy Code and Court-Approved Sale Procedures (the "Shields Objection"), and respectfully states as follows:

I.      **INTRODUCTION**

The Shields Objection must be denied to the extent it seeks to prevent the above-captioned debtors (the "Debtors") from transferring their partnership interests in the South Suburban Oncology Center Limited Partnership (the "Limited Partnership"), of which Shields is

the General Partner[1] and the Debtors, Partners Healthcare, and South Shore are the only Limited Partners. Steward agrees that Shields cannot be compelled by this Court to substitute it for the Debtors as a limited partner.

First, insofar as the Agreement is an executory contract, any restriction on the transfer of the Debtors' interest in the Limited Partnership is guided by 11 U.S.C. §§ 365(f) and (c) and the Massachusetts Uniform Limited Partnership Act, M.G.L. ch. 109, §§ 1 *et seq* (the "MULPA"). As more fully set forth below, the statutes, as as interpreted by various courts, dictate that the restriction on assignment in the Agreement is void and the Debtors' interest in the Limited Partnership is assignable.

Alternatively, if the Agreement is not an executory contract, the Debtors' interest in the Limited Partnership is nonethless personal property and therefore, became property of the Debtors' estates upon the bankruptcy filing. 11 U.S.C. § 541. It is axiomatic that estate property may be sold outside of the ordinary course of business under 11 U.S.C. § 363. The Objecting Partners have not established, nor ostensibly argued, to the contrary.

Regardless of approach, the Debtors may transfer their interest in the Limited Partnership to Steward pursuant to the Asset Purchase Agreement and as more fully set forth in the Sale Motion.

Based on the foregoing, Steward requests that this Court (i) overrule the Limited Objection to the extent it seeks to restrict the Debtors from selling their interest in the Limited Partnership to Steward, (ii) enter an order approving the sale in its entirety, and (iii) provide in the order approving the sale, that Steward is entitled, should it so choose, to apply to Shields to become a substitute limited partner as provided for in the Agreement.

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the South Suburban Oncology Center Limited Partnership Agreement (the "Agreement").

NYC 402724.2                                    2

## II. BACKGROUND

1. The above-captioned debtors (the "Debtors") filed individual voluntary petitions for relief under chapter 11 of the Bankruptcy Code on July 1, 2011 (the "Petition Date").

2. An Order permitting the joint administration of the Debtors' cases was entered on the Petition Date.

3. The Debtors continue to manage and operate their business and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Concurrently with the filing of its voluntary petitions, the Debtors filed a Motion for Authority to Sell Substantially All Assets (Including Through Assumption and Assignment of Executory Contracts) Pursuant to sections 363 and 365 of the Bankruptcy Code and Court-Approved Procedures (the "Sale Motion").

5. Through the Sale Motion, the Debtors seek this Court's approval to sell substantially all of their assets to Steward, the high bidder for such assets, pursuant to an asset purchase agreement executed by the Debtors and Steward on June 30, 2011.

6. The Objecting Partners object to the Sale Motion on the theories that (i) the sale offends the Agreement and the MULPA in that each require the consent of the General Partner – which consent has not been granted, (ii) the Agreement is not executory – which infers that it cannot be assumed and assigned, and (iii) even if the Agreement were considered executory, the Bankruptcy Code and the MULPA provide that the Debtor's interests in the partnership may not be assumed and assigned as a matter of law.

## III. RESPONSE

A. <u>The Debtors May Assume and Assign its Interest in the Limited Partnership</u>

7. Although the Objecting Partners aver that the Agreement is not executory, they cite only to a case indicating that a limited partnership agreement is, in fact, an executory contract.[2] Indeed, the Objecting Partners do not cite to a single case stating the contrary. Nevertheless, the Objecting Partners read this Court's decision in Summit Inv. & Dev. Corp. v. LeRoux, 167 B.R. 318 (Bankr. D. Mass. 1994) as standing for the proposition that since limited partners do not have "many material obligations" the Agreement is not executory. See Objection ¶ 19.

8. Such reasoning is strained in light of the panoply of cases cited by this Court in Leroux standing for the proposition that limited partnership agreements can most certainly be considered executory contracts. See, e.g., In re Priestley, 93 B.R. 253, 258-59 (Bankr. D. N.M. 1988) (holding, that, among other reasons, "the limited partners were committed to continue paying off the notes for their capital contributions, in some cases to continue making fixed additional monthly payments for costs for the balance of the 50 year term of the partnership, to continue to accept the services of the debtor, and, presumably, to continue with an annual decision of whether to leave accumulated profits in the partnership or demand distribution").

9. In this instance, the Agreement purportedly[4] restricts the Debtors' ability to assign their partnership interest – an interest entirely distinct from the Debtors' membership interest in the Limited Partnership. The Agreement provides that "[n]o Limited Partner may transfer, sell, assign, pledge, or otherwise encumber or dispose of any or all of its interest in the Partnership, whether voluntarily, involuntarily or by operation of law, except with the consent of the General Partner, which may be given or withheld in its sole discretion…" See Agreement at Article 9.1.

---

[2] Steward is not in possession of the Agreement and relies entirely upon the Objecting Partner's recitation of the various provisions of the Agreement contained herein.

10. Pursuant to 11 U.S.C. § 365(f), prohibitions on assignment contained in executory contracts are of no force and effect unless "applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession." Insofar as the Objecting Partners are suggesting that In re Pioneer Ford Sales, Inc., 729 F.2d 27 (1st Cir. 1984) may be read as allowing a provision in a contract that restricts assignment to be construed as "applicable law" – here, M.G.L. Chapter 109, § 40 – and therefore within the purview of 11 U.S.C. § 365(c), such interpretation is simply circuitous and in plain derogation of the words of section 365(c).

11. In Pioneer Ford, the purchaser would have been an actual franchisee of the Ford Motor Company without obtaining Ford's prior consent. Here, Steward will be entitled only to the Debtor's partnership interest and will not be a substitute limited partner. Moreover, the "applicable law in Pioneer Ford was the Rhode Island Franchise Law, which carried with it a manifestation of public policy clearly sufficient to fill the void created when section 365(f) acted to strip the anti-alienation provision in the franchise agreement. The Massachusetts gap-filler, however, unequivocally provides to the contrary – a Massachusetts limited partnership interest is expressly freely alienable if there is no contractual provision to the contrary. M.G.L. ch 109, § 40.

12. Where, as here, if the sale is completed as contemplated, Steward would be entitled to the Debtors' share of the profits and losses of the Limited Partnership and the right to receive distributions of partnership assets, if any. See M.G.L.ch. 109 § 1(10) defining partnership interests. In these situations, courts have found that the assignment of partnership interests do not offend the *delectus personarum* principle and the economic interest is therefore assignable. See, e.g., In re Schick, 235 B.R. 318 (Bankr. S.D.N.Y. 1999) ("Subject to contrary

contractual restrictions (which are immaterial under section 365(c)), a partnership interest is assignable"). The MULPA contains similar language to the applicable law discussed in Schick. See M.G.L. § 40 ("Except as provided in the partnership agreement, a partnership interest is assignable in whole or in part"). Thus, nothing in "applicable law" would prevent the Debtors from assigning their partnership interest in the Limited Partnership.

        B.      Debtor's Partnership Interest is Property of the Estate and May be Sold

13. If the Partnership Agreement is not an executory contract, the outcome does not change because the the partnership interest contemplated therein is property of the estate under Bankruptcy Code § 541(1) which the Debtors may transfer.

14. Limited partnership interests are considered personal property. See M.G.L., Chapter 109, § 39. This provision, under the Supreme Court's decision in Butner v. U.S., 440 U. S. 48 (1979), coupled with the fact that this is an asset of economic value, clearly makes it "property of the estate." Moreover, the MULPA, under sections 40 and 42, treats the interest as alienable on judicial process and unless otherwise agreed, without consent of the general partners.

15. Accordingly, upon the commencement of the bankruptcy case, all legal and equitable interests of the debtor become property of the debtor's estate. 11 U.S.C. § 541(a). A trustee or debtor in possession may sell, other than in the ordinary course of business, property of the estate. 11 U.S.C. 363(b)(1). Indeed, several courts have found that partnership interests, being property of the debtor's bankruptcy estate, may be sold. See In re Priestley, 93 B.R. at 12.

16. In In re Smith, 185 B.R. 285 (Bankr. S.D. Ill. 1995), for example, the Bankruptcy Court found that it was the economic interest which is included in the limited partner's bankruptcy estate and not any specific assets owned by the partnership itself. 185 B.R. at 290; see also, In re Katz, 341 B.R. 123 (Bankr. D. Mass. 2006). This holding is in accord with the

NYC 402724.2　　　　　　　　　　　　　6

theory that a partnership interest is akin to an economic interest and as distinguished from a membership interest.

17. Moreover, the <u>Smith</u> Court goes on to find that it is not only the economic interest that will become property of the limited partner's bankruptcy estate, but whatever other rights the limited partner may be entitled to under the operative agreement. "A limited partner also has contractual rights arising from the partnership which include 'the right to have full information ... and to have the same rights as a general partner in reference to dissolution and winding up by a decree of court.'" 185 B.R. at 291-92 (citations omitted). In <u>Smith</u>, the limited partner had the right to have a decree entered dissolving the partnership. The Court, finding that the estate included all legal and equitable rights, including the right to seek dissolution, agreed.

18. While the defendants in <u>Smith</u> argued that restrictions contained in the partnership agreement prevented the trustee from standing in the shoes of the debtor limited partner, the Court disagreed and found that any restriction on the debtor's ability to transfer its interests was void under 11 U.S.C. § 541(c)(1)(A) and such property would become property of the debtor's estate.

19. So far as appears, the sale of partnership cases uniformly analyze limited partnership interests as executory contracts, and the Objecting Partners appear to conclude that if the Limited Partnership interest is not an executory contract then it cannot be sold. In this case, the Debtors seek only to transfer whatever contractual rights they have under the Agreement to Steward. In order to become a substitute limited partner, any assignee of a financial interest in the Partnership may be admitted to the Partnership as a Partner in the place of its assignor but only after it receives the consent of the General Partner. <u>See</u>, Agreement at Art. 9.1. That is conceded. But there is nothing in the terms of Section 363(b) that suggests a limitation on the

power to sell that which is "property of the estate" within 541, nor as restricting the sale of such property.

20. Moreover, the burden of establishing a protectable interest in the property proposed to be sold under Section 363 rests on the opponent of the sale. See 11 U.S.C. § 363(p)(2). The burden is met with respect to substitution of a partner, but not with respect to establishing that, as personalty that is not an executory contract, that the Objecting Partners hold so restrictive an interest.

21. That the trustee, and hence the Debtors, may sell their limited partnership interest to Steward follows. Whether by assumption and assignment or by sale of personalty, the Debtors are within their rights to transfer its partnership interests in the Limited Partnership. The Limited Partners are not forced to accept Steward as their limited partner, but are powerless to prohibit the sale to Steward of the Debtors' limited partnership interest.

22. We note briefly the following. Whether by assignment of an executory contract or sale of personalty, Steward expects to take subject to, and with the benefits of, the asset as it exists. Specifically, as discussed in the Objection – and as found in the Agreement at § 9.1, Steward as assignee of the limited partnership interest shall be entitled to apply to the General Partner for admission as a substitute limited partner.

WHEREFORE, for all of the reasons set forth above, Steward respectfully requests that this Court enter an order (i) overruling the Limited Objection to the extent it seeks to prevent the Debtors from selling their partnership interest in the Limited Partnership to Steward, (ii) approving the sale in its entirety, (iii) providing in the order approving the sale, that Steward is entitled, should it so choose, to apply to Shields to become a substitute limited partner as

provided for in the Agreement, and (iv) granting such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    QUINCY MEDICAL CENTER, A STEWARD FAMILY HOSPITAL, INC.. formerly known as STEWARD MEDICAL HOLDINGS SUBSIDIARY FIVE, INC.

    By its attorneys,

    /s/ James D. McGinley, Esq.
    James D. McGinley, Esq. BBO #333320
    Edwards Angell Palmer & Dodge LLP
    111 Huntington Avenue
    Boston, MA 02199
    Tel.: 617-239-0100
    Fax: 617-227-4420

Dated: September 20, 2011