UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

```
_____
                              )
In re:                        )
                              )    Chapter 11
QUINCY MEDICAL CENTER, INC.,  )
QMC ED PHYSICIANS, INC.,      )    Case No. 11-16394-MSH
QUINCY PHYSICIAN CORPORATION, )
                              )    (Jointly Administered)
                  Debtors.    )
_____)
```

### ORDER ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the Debtors' Assented-to Motion for Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice (the "Motion") filed by Quincy Medical Center, Inc., QMC ED Physicians, Inc. and Quincy Physician Corporation (the "Debtors" or the "Company"), with the assent of the Official Committee of Unsecured Creditors of the Company (the "Creditors' Committee"), wherein the Company requests that this Court establish deadlines for the filing of proofs of claim against the Company; appropriate notice of the Motion having been given in the particular circumstances and good and sufficient grounds appearing therefor; this Court having determined that the proposed deadlines for filing proofs of claim, and the proposed notice thereof as provided for in the Motion, are sufficient to meet the requirements of applicable statutes and rules, and for due process of law under the Constitution of the United States; it is hereby

**ORDERED** that:

1. The Motion is granted.

2. November 10, 2011 (the "Bar Date") is established as the deadline for the filing of proofs of claim against the Company, except for claims of governmental units, and except that the

deadline for filing a proof of claim of the type described in Sections 502(g), (h), or (i) of the Bankruptcy Code shall be the later of (i) the Bar Date or (ii) 30 days after occurrence of the event giving rise to such claim.

3. In accordance with Section 502(b)(9) of the Bankruptcy Code, December 28, 2011 (the "Governmental Bar Date") is established as the deadline for governmental units to file proofs of claim against the Company.

4. The Company shall give notice of the Bar Date (and of the Governmental Bar Date and the deadline for filing claims described in Sections 502(g), (h) and (i) of the Bankruptcy Code) by transmitting to its known creditors and potential claimants, by first class mail with postage prepaid, within three (3) business days after entry of this Order, a copy of a notice substantially in the form attached as Exhibit A (the "Notice"), which form of Notice is hereby approved, together with a proof of claim form in the form of Official Form No. 10. The Company is authorized and directed to transmit to its employees, together with a copy of the Notice, a transmittal letter substantially in the form attached as Exhibit B, which form of letter is hereby approved. In addition, the Company is authorized and directed to cause a notice, substantially similar to the Notice but without the accompanying proof of claim form, to be published not less than 21 days before the Bar Date on at least one occasion in each of *The Boston Globe* and *The Patriot Ledger*. Such notice shall be adequate notice of this order and of the Bar Date (and such other deadlines) in the particular circumstances and shall be sufficient to meet the requirements for due process of law under the Constitution of the United States.

5. For any proof of claim to be validly and properly filed against the Company, a duly-executed proof of claim, together with accompanying documentation, must be filed with the Company's claims agent, Epiq Bankruptcy Solutions LLC ("Epiq"), at the address set forth in the Notice so that it is actually received by no later than 5:00 p.m. prevailing Eastern time on the Bar

2

Date or any applicable later deadline. Electronic and facsimile submissions will not be accepted. Each proof of claim shall be in a form substantially conforming to the proof of claim form annexed to the Notice.

6. Except to the extent that a claim is either (a) listed in the Schedules of Liabilities filed by the Company pursuant to Fed. R. Bankr. P. 1007 and not listed therein as a liquidated, disputed or contingent liability, (b) evidenced by a proof of claim against the Company, substantially in the form of Official Form No. 10 filed with Epiq (or the Bankruptcy Court) on or before the Bar Date (or, if applicable, any later deadline for a claim of the type described in Sections 502(g), (h) and (i) of the Bankruptcy Code, or the Governmental Bar Date), or (c) a claim of an employee of the Company of the type described in Paragraph 1(d) of the Notice for which filing is excused, then such claim shall be forever barred from being asserted against the Company.

7. In the event that, after providing notice of the Bar Date and other deadlines as required by this Order, the Company becomes aware of any additional entity entitled to notice of the Bar Date or other deadline, or that the Company determines as a matter of prudence should receive notice of such filing deadline, the Company is authorized to serve a supplemental Notice (the "Supplemental Notice") on such entity. The Supplemental Notice shall be equivalent in substance and form to the Notice but shall refer to a "Bar Date" not less than 30 days after service of the Supplemental Notice upon such entity, which date shall be the "Bar Date" applicable to such entity for purposes of this Order.

Dated: September ____, 2011

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

09/21/2011

3