UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| In re: | Chapter 11 |
| QUINCY MEDICAL CENTER, INC.,<br>QMC ED PHYSICIANS, INC.,<br>QUINCY PHYSICIAN CORPORATION, | Case No. 11-16394-MSH |
| Debtors. | (Jointly Administered) |

## ORDER CONFIRMING DEBTORS' JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

Quincy Medical Center, Inc., QMC ED Physicians, Inc. and Quincy Physician Corporation (the "Debtors" or the "Company"), having proposed and filed with this Court the Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code dated September 8, 2011 (as revised October 6, 2011) (the "Plan"); this Court, by Order entered October 7, 2011 [Docket No. 362] (the "Disclosure Order"), having approved the Disclosure Statement regarding the Plan and established deadlines and procedures governing the solicitation of acceptance of the Plan, the filing of objections to the Plan, and the hearing to consider confirmation of the Plan; November 2, 2011 at 5:00 p.m. having been fixed by the Disclosure Order as the deadline for (i) submission of ballots accepting or rejecting the Plan and (ii) filing of objections to the Plan; the Debtors having filed their Plan Supplement[1] on October 28, 2011[Docket No. 385] that contained the Liquidation Trust Agreement and provided certain Plan-related disclosures including the identity of the persons who will serve as directors of the Debtors after confirmation of the Plan; November 8, 2011 at 10:00 a.m. having been fixed by the Disclosure Order as the date and time of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") pursuant to Sections 1128 and

---

[1] Capitalized terms used and not defined in this Order shall have the meanings ascribed to them in the Plan.

1129 of the Bankruptcy Code and Rule 3017 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"); Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' claims, noticing and

ballot agent having attested to service of the Disclosure Statement (with the Plan annexed as an

exhibit), the Court-approved Notice of the Confirmation Hearing and related matters, and other

Plan solicitation materials approved by this Court pursuant to the Disclosure Order upon the Office

of the United States Trustee, all parties asserting claims against the Debtors' estates, all parties to

unexpired leases or executory contracts with the Debtors, and all parties on the regular service list in

the Chapter 11 Cases, which list includes all parties who have filed appearances and requested notice

in the Chapter 11 Cases; Epiq having attested to service of the forms of ballot approved by this

Court in the Disclosure Order upon the parties entitled to vote on the Plan; the Debtor having filed

Epiq's report regarding voting on the Plan (Affidavit of Stephenie Kjontvedt on behalf of Epiq

Bankruptcy Solutions, LLC Regarding Voting and Tabulation of Ballots Accepting and Rejecting

Debtors' Joint Plan of Liquidation [Docket No. 412] (the "Certificate of Vote")); objections to

confirmation of the Plan having been filed by Apurv Gupta, M.D. [Docket No. 395] (the "Gupta

Objection"), by Shields Oncology Services, Inc., Partners HealthCare System, Inc., and South Shore

Hospital, Inc. [Docket No. 397] (the "South Suburban Objection"), and by the United States

Trustee [Docket No. 406] (the "UST Objection"); after hearing from counsel and considering the

matters presented at the Confirmation Hearing; having taken such matters under advisement; having

issued on November 16, 2011 the Memorandum Concerning Confirmation of Debtors' Joint Plan

of Liquidation [Docket No. 431](the "Memorandum"); the Debtors having submitted, as directed by

the Memorandum and with the assent of the Creditors' Committee and the Prepetition Indenture

Trustee, a revised proposed Confirmation Order that, among other things, provided for the deemed

modification of the Plan to comply with the Court's rulings set forth in the Memorandum, as more

2

particularly set forth herein; and after due deliberation, and good cause appearing therefor, this

Court makes the following findings of fact and conclusions of law:[2]

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>:

A.      This Court has jurisdiction over the  Chapter 11 Cases pursuant to 28 U.S.C. §

157(1) and 28 U.S.C. § 1334(a).  Venue of these proceedings in this district is proper pursuant to 28

U.S.C. § 1408 and 28 U.S.C. § 1409.

B.      Due, sufficient and adequate notice of the Plan and the Confirmation Hearing,

together with the deadlines for voting on, and filing objections to, the Plan, has been given to all

known holders of Claims in accordance with the procedures established by the Disclosure Order,

and no other or further notice is required.  Holders of Claims entitled to vote on the Plan were

provided sufficient time to cast their ballots to accept or reject the Plan.

C.      The solicitation by the Debtors of votes on the acceptance or the rejection of the

Plan was conducted in good faith and complied with Sections 1125 and 1126 of the Bankruptcy

Code, Bankruptcy Rules 3017 and 3018, the procedures established by the Disclosure Order, all

other applicable provisions of the Bankruptcy Code, and all other applicable laws, rules and

regulations.

D.      The procedures by which the ballots were distributed to holders of Claims and

completed ballots were tabulated were fair, properly conducted and in accordance with the

Bankruptcy Code, the Bankruptcy Rules, the Disclosure Order, the local rules of this Court, and all

other applicable laws, rules and regulations.

---

[2] This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable
by Bankruptcy Rule 7052 and Bankruptcy Rule 9014.  Any finding of fact shall constitute a finding of fact even if it is
stated as a conclusion of law and any conclusion of law shall constitute a conclusion of law even if it is stated as finding
of fact when necessary and appropriate.

E.     As evidenced by the Certificate of Vote, at least two-thirds in amount and more than one-half in number of the holders of Class 2 Claims and Class 4 Claims who timely and properly submitted ballots accepted the Plan.  Accordingly, Classes 2 and 4 have accepted the Plan.

F.     Classes 1 and 3 are not impaired under the Plan and, therefore, are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.  Class 5 is receiving nothing under the Plan and accordingly is deemed not to have accepted the Plan pursuant to Section 1126(g) of the Bankruptcy Code.

G.     Except to the extent a holder of a Claim has agreed to different treatment, the treatment under the Plan of Claims entitled to priority under Section 507(a) of the Bankruptcy Code complies with the provisions of Section 1129(a)(9) of the Bankruptcy Code.

H.     The rejection of executory contracts and unexpired leases in accordance with the provisions of Article 7 of the Plan satisfies the requirements of the applicable provisions of the Bankruptcy Code, including without limitation Section 365 of the Bankruptcy Code, and is authorized pursuant to Section 1123(b)(2) of the Bankruptcy Code as a reasonable exercise of sound business judgment in the best interest of the Debtors' estates.

J.     The provisions of Article IX of the Plan barring late-filed or late-amended Claims, and governing estimation of contingent and unliquidated claims:

4

(a)    are an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code;

(b)    are important to the overall objectives of the Plan to promptly and finally resolve all Claims against the Debtors' estates and to provide for prompt and equitable distribution of liquidation proceeds to creditors under the Plan;

(c)    are intended to avoid prejudice to the estate and creditors resulting from late-filed or amended Claims or Claims whose resolution would otherwise unduly delay administration of the estate; and

(d)    are consistent with Sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code under the particular circumstances of the Chapter 11 Cases.

K.    The Plan, as modified by this Order, complies with all the applicable provisions of the Bankruptcy Code and has been proposed in good faith and not by any means forbidden by law.

L.    The Debtors have complied with all the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and the Disclosure Order.

M.    Any payments to be made under the Plan for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been disclosed to this Court, and (i) to the extent such payments relate to pre-Effective Date services or expenses, such payments have been approved by or are subject to the approval of this Court as reasonable, and (ii) to the extent such payments relate to post-Effective Date services or expenses, the provisions of the Plan governing such payments are reasonable.

N.    The Debtors have disclosed the identity and affiliations of all individuals, including insiders, proposed to serve after confirmation of the Plan as directors or officers of the Debtors,

5

and the appointment to, or continuance in, such office of such individuals is consistent with the interests of creditors and with public policy.

O.    No governmental regulatory approval is required to implement the Plan except with regard to the winding up of the Debtors' business affairs as charitable, non-profit organizations in accordance with the laws of the Commonwealth of Massachusetts, including through the distribution of Donor Restricted Funds under the cy pres doctrine as expressly provided for by Article V of the Plan.

P.    With respect to each impaired class of Claims, each holder of a Claim of such class either has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

Q.    Reliable and credible evidence was adduced or proffered at the Confirmation Hearing that the Plan is feasible. Among other things, the Plan is a liquidating plan, the Debtors' estates have already been substantially liquidated, and the evidence showed that the Debtors and/or the Liquidation Trustee can make, or cause to be made, the distributions required under the Plan and otherwise perform their obligations under the Plan. Consequently, confirmation of the Plan is not likely to be followed by the need for further financial restructuring of the Debtors or the Liquidation Trust other than as proposed in the Plan.

R.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has requested that this Court not confirm the Plan for this reason.

S.    The provisions of Article V.A of the Plan governing substantive consolidation of the Debtors' estates (a) will save the Debtors and their estates the costs and expenses of administering

6

the separate estates of the Debtors, which would likely consume substantial resources of the

Debtors' estates and require substantial time to adjudicate, (b) avoid the considerable expense,

confusion and likely inequity resulting from any attempt to allocate assets and liabilities among the

Debtors in the absence of substantive consolidation, particularly given the likelihood that proper

allocation could not be made in any event, and (c) has facilitated the creation and implementation of

the Plan that will provide substantial benefits to the Debtors' estates and creditors.  Accordingly,

substantive consolidation of the Debtors' estates as provided by the Plan is warranted pursuant to

Section 1123(a)(5) of the Bankruptcy Code.

T.      All fees payable under Section 1930 of Title 28 of the United States Code as of the

Effective Date have been paid or will be paid pursuant to the terms of the Plan on or before the

Effective Date.  The Plan also provides for payment of all such fees payable after the Effective

Date.

U.      There are no retiree benefits, as defined in Section 1114 of the Bankruptcy Code, to

be provided for in the Plan.

V.      The Plan is deemed modified pursuant to Section 1127 of the Bankruptcy Code, as

follows:

      i.   **Released Parties**.  The defined term "Released Party" set forth at Article
I.B.100 of the Plan is deleted in its entirety and replaced with the following:

> **"Released Party"**  means (i) for purposes of Article X.C of the Plan, each
> of the following in its capacity as such: the Prepetition Indenture Trustee,
> the Prepetition Bondowners, and their respective current and former
> affiliates, subsidiaries, Representatives and other professionals, and (ii) for
> purposes of Article X.E of the Plan, each of the following in its capacity as
> such: (a) the Debtors' current and former affiliates, subsidiaries, officers,
> directors, principals, employees, agents, financial advisors, attorneys,
> accountants, investment bankers, consultants, representatives, and other
> professionals; (b) the Prepetition Indenture Trustee; (c) the Prepetition
> Bondowners; (d) the Creditors' Committee; and (e) with respect to each of
> the foregoing Entities in clauses (b) through (d), their respective current
> and former affiliates, subsidiaries, Representatives and other professionals.

ii.   **Transfer Taxes**.  The second (last) sentence of Article V.J of the Plan is deleted in its entirety.

iii.   **Third Party Release**.  Article X.E of the Plan is deleted in its entirety and replaced with the following:

> **X.E**   *Third Party Release*
>
> **As of the Effective Date, each holder of a Claim voting to accept the Plan through submission of a signed ballot that indicates that a vote to accept the Plan constitutes an acceptance and assent to the releases set forth in this Article X.E is deemed to have unconditionally, conclusively, irrevocably, absolutely and forever released the Released Parties from any and all Causes of Action in connection with or related to the sale and restructuring efforts undertaken by the Debtors, the Chapter 11 Cases and the Plan (other than the rights to enforce the Plan and the contracts, instruments, releases and other agreements or documents assumed, passed through or delivered in connection with the Plan).**

iv.   **Injunction**.  Article X.F of the Plan is deleted in its entirety.

The Plan as so modified shall hereinafter be referred to as "the Plan".

W.      The discharge, exculpation, and release provisions of Article X of the Plan (including as the exculpation provisions are delimited by this Order) are necessary and appropriate under the particular circumstances of the Chapter 11 Cases:

i.   **Discharge**.  The discharge provided for in Article X.A of the Plan is appropriate under applicable law because the Debtors will continue to engage in business as a public charity after consummation of the Plan.

ii.   **Exculpation**.  The exculpation described in Article X.D of the Plan is, as to matters arising during the Chapter 11 Cases through the Effective Date, appropriate under applicable law because it was proposed in good faith, was formulated following extensive, good faith, arms' length negotiations with key constituents and is appropriately limited in scope.

iii.   **Releases by the Debtors**.  The Debtors' Releases (Article X.C of the Plan) are a necessary and important aspect of the Plan, and constitute a valid exercise of the Debtors' business judgment.

iv.   **Third-Party Releases by Creditors Voting to Accept the Plan**.  The Third Party Releases (Article X.E of the Plan) are an important and necessary aspect of

8

the Plan, and are consensual releases provided by those holders of Claims who voted to accept the Plan through submission of a signed ballot indicating such acceptance. Such holders of Claims were given due and adequate notice that they would be granting such releases by voting to accept the Plan and the Plan provides for such holders to receive valuable consideration in exchange for such acceptance and such release.

Each of the discharge, exculpation (as modified by this Order) and release provisions of the Plan: (a) is within the jurisdiction of this Court under 28 U.S.C. §§1334(a), (b) and (d); (b) is an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan, including without limitation the settlement with the Creditors' Committee; (d) confers material benefit on, and is in the best interests of, the Debtors, their Estates and their creditors; (e) is important to the overall objectives of the Plan to finally resolve all claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors, their organization, capitalization, operation and reorganization; and (f) is consistent with Sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code. The record of the Confirmation Hearing is sufficient to support the discharge, exculpation (as modified by this Order) and release provisions contained in the Plan.

X.      This Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan.

Y.      This Court's findings and conclusions set forth in the Memorandum, and any additional or subsidiary findings and conclusions made by this Court on the record at the Confirmation Hearing, are incorporated herein by reference.

Based upon the foregoing findings of fact and conclusions of law, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

9

1.      Notice of the Confirmation Hearing and of the opportunity to object to confirmation of the Plan has complied with the terms of the Disclosure Order, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court, and the requirements for due process of law under the United States Constitution.

2.      The Plan is confirmed. The Gupta Objection is overruled in its entirety. Except to the extent provided for by this Order, the South Suburban Objection and the UST Objection (and any and all other objections to the Plan) are overruled.

3.      On the Effective Date, the terms of the Plan and this Order shall be binding upon the Debtors, all holders of Claims and Interests, the Liquidation Trustee, and all other parties in interest in the Chapter 11 Cases, whether or not the Claim of such creditor is impaired under the Plan or addressed by the Plan and whether or not such creditor or other party in interest has filed, or is deemed to have filed, a proof of Claim or Interest, or has accepted or is deemed to have accepted the Plan. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent. The failure specifically to include or refer to any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court and the effect of this Order that the Plan be confirmed in its entirety.

4.      Substantive consolidation of the Debtors' estates for purposes of distributions under the Plan, as contemplated by Article V.A of the Plan, is approved. Notwithstanding the substantive consolidation of the Debtors' estates, each Debtor shall retain and maintain its separate legal existence pending and for the purposes of winding-up its business and financial affairs under Massachusetts state law as contemplated by Article V of the Plan.

10

5.      On the Effective Date, the formation of the Liquidation Trust pursuant to the

Liquidation Trust Agreement and the transfer of the Liquidation Trust Assets into the  Liquidation

Trust shall vest in the Liquidation Trustee title to such assets for the benefit of the holders of the

Liquidation Trust Interests.  To the full extent necessary or appropriate to perform his duties under

the Liquidation Trust and the Liquidation Trust Documents, the Liquidation Trustee shall be

deemed the representative of the estate pursuant to Section 1123(b)(2)(B) of the Bankruptcy Code

and vested with standing to pursue any and all actions necessary or appropriate to the performance

of his duties under the Liquidation Trust and the Liquidation Trust Documents.  The appointment

of Craig R. Jalbert as the Liquidation Trustee is hereby authorized and approved, provided that Mr.

Jalbert must provide a surety bond for the benefit of the holders of the Liquidation Trust Interests.

6.      On the Effective Date, the Net Estate Assets shall vest in the Debtors for the sole

purpose of making distributions to creditors as set forth in the Plan, and the Donor Restricted

Funds shall vest in the Debtors for purposes of Article V of the Plan, free and clear of all liens,

charges, claims, encumbrances, and interests, except as expressly provided in the Plan or this Order.

7.      In accordance with in Article VII.A.1 of the Plan, the rejection of all executory

contracts and unexpired leases of the Debtors that (i) were not previously assumed and assigned

pursuant to the Sale Order (including through agreements between the Debtors and the Purchaser

made pursuant to Paragraph 19 of the Sale Order), (ii) are not identified as "Assigned Agreements"

listed on Exhibit A to this Court's  Order Authorizing Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases entered on November 8, 2011 [Docket No. 416], or (iii)

are not identified on attached Exhibit A, is hereby approved in all respects pursuant to Sections 365

and 1123(b)(2) of the Bankruptcy Code.  An executory contract or unexpired lease identified on

attached Exhibit A (collectively, the "Additional Non-Rejected Contracts") shall be deemed rejected

11

effective as of the date that the Debtors provide written notice to the non-Debtor party to such
Additional Non-Rejected Contract of the Debtors' rejection of such Contract pursuant to Section
365 of the Bankruptcy Code; pending any such rejection, the Debtors may assume and assign one
or more of such Additional Non-Rejected Contracts pursuant to the Asset Purchase Agreement and
the Sale Order, including as necessary through further order of this Court upon appropriate notice
or motion.

8.    On the Effective Date, except to the extent otherwise provided in the Plan, any
notes, bonds, agreements, or any other instruments or documents evidencing or creating any
indebtedness or obligations of the Debtors that relate to Claims Impaired under the Plan, shall be
deemed automatically canceled, shall be of no further force, whether surrendered for cancellation or
otherwise, and the obligations of the Debtors thereunder or in any way related thereto shall be
discharged; provided, however, that (i) the Prepetition Indenture and the Asset Purchase Agreement
shall continue in effect as provided in Article V.F of the Plan, and (ii) any such notes, bonds,
agreements, or any other instruments or documents evidencing or creating any indebtedness or
obligations of the Debtors that relate to Claims Impaired under the Plan, may be submitted by
holders of Claims to evidence the existence of such Claims.

9.    On the Effective Date, except to the extent otherwise provided in the Plan, any and
all Liens against property of the Estates shall be deemed released and the holder of such Secured
Claim shall be authorized and directed to release any Collateral or other property of the Debtors
(including any Cash Collateral) held by such holder and to take such actions as may be requested by
the Debtors to evidence the release of such Lien, including the execution, delivery and filing or
recording of such releases as may be requested by the Debtors.  Notwithstanding the foregoing, the
Liens granted in favor of the Prepetition Indenture Trustee under the Prepetition Indenture shall

12

not be released or deemed released until receipt by the Prepetition Indenture Trustee of all of the

distributions provided under the Plan. Further, notwithstanding anything to the contrary in the Plan

or this Order, the Asset Purchase Agreement shall remain in full force and effect and the Purchaser

shall remain obligated to perform any remaining obligations under the Asset Purchase Agreement.

10.     Pursuant to Article V.K of the Plan, entry of this Order shall be deemed entry of an

order approving all settlements embodied in or underlying the Plan, pursuant to Section 363 of the

Bankruptcy Code and Bankruptcy Rule 9019.

11.     The discharge, exculpation (as modified by this Order) and release provisions of the

Plan, including without limitation Articles X.A, X.C, X.D, and X.E (as modified by this Order) of

the Plan, are hereby approved; provided, however, that the exculpation provided under Article X.D

shall be limited to matters arising during the Chapter 11 Cases through the Effective Date.

12.     As provided by Article X.D of the Plan (as modified by this Order), neither the

Debtors, the Creditors' Committee, nor any of their respective officers, directors, partners,

employees, agents, advisors, attorneys or Representatives shall have or incur any liability to any

holder of a Claim or Interest for any act, event or omission in connection with, or arising out of, the

Chapter 11 Cases, the confirmation of the Plan, the consummation of the Plan, or the

administration of the Plan or the property to be distributed under the Plan, except for willful

misconduct or gross negligence.

13.     Subject only to the reservation of rights of creditors (including the Prepetition

Indenture Trustee and the Prepetition Bondowners) with respect to the Donor Restricted Funds set

forth in Article V.C. of the Plan, to ensure that Net Estate Assets, Donor Restricted Funds, and

Liquidation Trust Assets remain available for distribution in accordance with the provisions of the

Plan (including, with respect to the Donor Restricted Funds, in accordance with Massachusetts state

13

law and the cy pres doctrine, as provided by Article V of the Plan), and except with respect to acts

or occurrences performed or arising due to the exercise by creditors (including the Prepetition

Indenture Trustee and the Prepetition Bondowners) of the rights with respect to the Donor

Restricted Funds set forth in Article V.C. of the Plan, all injunctions or stays provided in, or in

connection with, the Chapter 11 Cases, whether pursuant to Sections 105 or 362 of the Bankruptcy

Code, or any other applicable law or court order, in effect immediately prior to  confirmation of the

Plan, shall remain in effect with respect to all Net Estate Assets, Donor Restricted Funds, and

Liquidation Trust Assets, and with respect to the Debtors, the Liquidation Trust, and the

Liquidation Trustee (and their respective agents and representatives), until the latest to occur of:  (i)

the dissolution under Massachusetts law of the Debtors, (ii) the dissolution or termination of the

Liquidation Trust, and (iii) the closing of the Chapter 11 Cases.

14.      Except as otherwise expressly provided in the Plan or this Order (including with

respect to the exercise by creditors (including the Prepetition Indenture Trustee and the Prepetition

Bondowners) of their rights reserved in Article V.C. of the Plan and referred to in paragraph 13 of

this Order), upon the Effective Date, all entities that have held, currently hold or may hold a Claim

or Interest shall be permanently enjoined from taking any action on account of such Claim or

Interest, including, without limitation, (a) obtaining, enforcing, levying, attaching, collecting or

recovering in any manner or by any means, whether directly or indirectly, any judgment, award,

decree or order against the Debtors, the Liquidation Trust, the Liquidation Trustee, the Net Estate

Assets, the Donor Restricted Funds, or the Liquidation Trust Assets, or (b) creating, perfecting or

enforcing any lien or any security interest of any kind against the Debtors, the Liquidation Trust, the

Liquidation Trustee, the Net Estate Assets, the Donor Restricted Funds, or the Liquidation Trust

Assets.

15.     Pursuant to Section 1142(b) of the Bankruptcy Code and any applicable state law, the Debtors and the Liquidation Trustee are authorized to execute and deliver all agreements, instruments and documents and to take any and all other lawful actions necessary to consummate and to implement the Plan, all without further action by their directors or shareholders except to the extent otherwise provided in the Plan or, as to the Liquidation Trustee, the Liquidation Trust Documents.

16.     In accordance with Section 1146(a) of the Bankruptcy Code, neither the Debtors, their estates, the Liquidation Trust, the Liquidation Trustee, or any holders of Claims or Interests shall be liable for any stamp or similar taxes payable in connection with any transfer or deemed transfer of any assets made pursuant to the Plan and occurring or deemed to occur on or after the date of entry of this Order. All filing or recording officers, wherever located and by whomever appointed, are hereby directed to accept for filing or recording, and to file or record immediately upon presentation thereof, all such deeds, bills of sale, mortgages, leasehold mortgages, deeds of trust, leasehold deeds of trust, memoranda of lease, notices of lease, assignments, leasehold assignments, security agreements, financing statements, and other instruments of absolute or collateral transfer without payment of any stamp tax, or similar tax imposed by federal, state, or local law. A copy of this Order shall be a recordable instrument notwithstanding any contrary provision of nonbankruptcy law. This Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

17.     In accordance with Article V.B.3 of the Plan, except as may otherwise be agreed by the Office of the United States Trustee, the Debtors or (after the Effective Date) the Liquidation Trustee shall continue to pay when due any and all fees under 28 U.S.C. § 1930 for a particular Debtor until entry of a final decree closing such Debtor's case.

15

18.    Pursuant to Section 1125(e) of the Bankruptcy Code, the Debtors and their professionals are not liable for any violation of applicable law, rule or regulation governing the solicitation of acceptances of a plan reorganization on account of their solicitation of acceptances of the Plan, such matters having been undertaken in good faith and in compliance with the Bankruptcy Code.

19.    Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), Epiq shall within five business days after the Effective Date serve upon all of the Debtors' known creditors and other parties in interest, including all parties listed on the regular service list in the Chapter 11 Cases, notice of the entry of this Order , of the occurrence of the Effective Date, and of the deadline to file certain claims, substantially in the form attached as Exhibit B. Mailing of such notice in the time and manner set forth in this paragraph is adequate and satisfies the requirements of Bankruptcy Rules 2002(f)(7) and 3020(c), and no further notice is necessary.

20.    Except as otherwise provided in the Plan, this Order shall supersede any prior Orders to the extent that such Orders are inconsistent with this Order.

21.    The provisions of the Cash Collateral Order (to the extent not inconsistent with, or mooted by, the terms of the Plan or this Order) and the Sale Order shall survive Confirmation of the Plan, entry of this Order and the occurrence of the Effective Date, including without limitation the provisions of Paragraph numbered 27 of the Sale Order.

22.    Notwithstanding anything to the contrary contained in this Order, any sale, transfer, assignment, conveyance, delivery or disposition of any of the Debtors' partnership interests in South Suburban Oncology Center Limited Partnership (which partnership interests constitute a Net Estate Asset) other than to Purchaser pursuant to the Asset Purchase Agreement as modified by the Sale Order, including, without limitation, Paragraph numbered 27 of the Sale Order, is expressly

16

conditioned upon (i) compliance with applicable nonbankruptcy law or (ii) further order of this Court.

23.    The provisions of the Plan and of this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and any such provision of this Order shall be deemed a modification of the Plan and shall control and take precedence.

24.    This Court shall retain jurisdiction over the Chapter 11 Cases in accordance with the provisions of Article XII of the Plan, Section 1142 of the Bankruptcy Code, and Bankruptcy Rule 3020(d).

25.    The provisions of this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 83] relating to the filing of interim fee applications (namely, Paragraphs 7(A) through (D) of the interim compensation procedures set forth in Exhibit A to the underlying motion filed at Docket No. 79 (the "Interim Compensation Procedures")) are hereby suspended pending the Effective Date; provided, however, that if the Effective Date does not occur on or before January 4, 2012, then Paragraphs 7(A) through (D) of the Interim Compensation Procedures shall then become operative with respect to an initial "Interim Period" from July 1 through November 30, 2011.

Dated: November __22__, 2011

Honorable Melvin S. Hoffman
United States Bankruptcy Judge

## Exhibit A

### Additional Non-Rejected Contracts

| Non-Debtor Party | Description |
| --- | --- |
| Anaesthesia Associates of Massachusetts, P.C. | Agreement for clinical inpatient and outpatient anesthesia for Quincy Medical Center dated June 29, 2009 and amended September 28, 2011 |
| Southwest Consulting Associates, L.P. | Agreement for reviewing DSH allocations dated October 27, 2005 |
| General Electric Capital Corporation | Lease Agreement (Contract 8545908) dated as of June 27, 2006 |
| Sprague Electric Corp. | Agreement for Natural Gas, Facility and Ancillary Services dated October 1, 2009 |
| Beckman Coulter, Inc. | Agreement for Reagent Rental dated October 27, 2009 (and related equipment and/or service agreement) |
| Iron Mountain | Agreement for Medical Records Storage dated December 1, 2008 |

## Exhibit B

### Notice of Entry of Confirmation Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| QUINCY MEDICAL CENTER, INC., | ) | |
| QMC ED PHYSICIANS, INC., | ) | Case No. 11-16394-MSH |
| QUINCY PHYSICIAN CORPORATION, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF (A) ENTRY OF PLAN CONFIRMATION ORDER,
(B) EFFECTIVE DATE OF PLAN, AND (C) DEADLINES
FOR FILING ADMINISTRATIVE AND CONTRACT REJECTION CLAIMS**

**PLEASE TAKE NOTICE THAT**:

1.    _Confirmation of Plan_. By order dated November ___, 2011 [Docket No. ___] (the "Plan Confirmation Order"), the United States Bankruptcy Court for the District of Massachusetts (the "Court") confirmed the Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code dated September 8, 2011 (as revised October 6, 2011 and as modified by the Plan Confirmation Order, the "Plan"). The Plan Confirmation Order is available for inspection at the Office of the Clerk, United States Bankruptcy Court, Donohue Federal Building, 595 Main Street, Worcester, MA 01608-2076, and copies of the Plan Confirmation Order may be obtained upon request to undersigned counsel to the Debtors. The documents are also available electronically at http://dm.epiq11.com/qmc._Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

2.    _Effective Date; Distributions_. The effective date of the Plan (the "Effective Date") occurred on December ___, 2011. As a result of the Effective Date, creditors holding Claims against the Debtors' estates are entitled to receive distributions in accordance with the terms of the Plan to the extent that their Claims are Allowed.

3.    _Administrative Claim Bar Date_. For purposes of the Plan, **January ___, 2012 shall be the Administrative Claim Bar Date constituting the deadline for the filing of Administrative Claims, Priority Tax Claims, and Fee Claims**. Any Administrative Claim or Priority Tax Claim (or any other Claim arising on or after July 1, 2011 and before the Effective Date, other than a Fee Claim) still outstanding as of the Administrative Claim Bar Date must be the subject of a proof of claim or motion for allowance filed on or before the Administrative Claim Bar Date with the Office of the Clerk, United States Bankruptcy Court, Donohue Federal Building, 595 Main Street, Worcester, MA 01608-2076, and served upon the undersigned counsel to the Debtors and on counsel to the Liquidation Trustee, Paul D. Moore, Esq., Duane Morris LLP, 100 High Street, Suite

2400, Boston, MA 02110-1724, so as to be received by the Administrative Claim Bar Date, or such Claim shall be forever barred as a claim against any of the Debtors or their bankruptcy estates.

Any application for allowance of a Fee Claim must be filed on or before the Administrative Claim Bar Date with the Office of the Clerk, United States Bankruptcy Court, Donohue Federal Building, 595 Main Street, Worcester, MA 01608-2076, and served upon the undersigned counsel to the Debtors and on counsel to the Liquidation Trustee, Paul D. Moore, Esq., Duane Morris LLP, 100 High Street, Suite 2400, Boston, MA 02110-1724, so as to be received by the Administrative Claim Bar Date, or be forever barred as a claim against any of the Debtors or their bankruptcy estates.

   4.    _Contract/Lease Claims_. All of the Debtors' executory contracts and unexpired leases not previously assumed by the Debtors or identified on attached Exhibit A are to be rejected as of the Effective Date pursuant to the Plan (the contracts identified on attached Exhibit A remain subject to potential assumption and assignment by the Debtors, or may be rejected by the Debtors, in either case upon further notice to or agreement with the non-Debtor parties to such contracts). Any entity asserting a claim against the Debtors' estates arising from such rejection must file a proof of such claim with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, _____, New York, New York 10017, Attn: _____, and serve a copy upon the undersigned counsel to the Debtors and on counsel to the Liquidation Trustee, Paul D. Moore, Esq., Duane Morris LLP, 100 High Street, Suite 2400, Boston, MA 02110-1724, so as to be received on or before January ____, 2012 (the 30th day after the Effective Date), or be forever barred as a claim against any of the Debtors or their bankruptcy estates.

Dated: December _____, 2011

                                    QUINCY MEDICAL CENTER, INC.
                                    QMC ED PHYSICIANS, INC.
                                    QUINCY PHYSICIAN CORPORATION
                                    By their attorneys,


                                    _/s/ A. Davis Whitesell_____
                                    John T. Morrier (BBO #628624)
                                    Michael J. Goldberg (BBO #551869)
                                    A. Davis Whitesell (BBO #551462)
                                    Andrew T. Imbriglio (BBO #676049)
                                    Casner & Edwards, LLP
                                    303 Congress Street
                                    Boston, MA  02210
                                    Tel: 617-426-5900
                                    Fax: 617-426-8810
                                    Email: whitesell@casneredwards.com

2